James Eshelman v. The People of the State of Illinois ex rel. Viola Gray.

1. BASTARDY — *Sufficiency of the Complaint.*—A complaint under the bastard act, made after delivery, should show that the relatrix was an unmarried woman at the time of the birth of her child. The recital of such fact, in that part of the complaint which precedes the words " who says," is not sufficient. (See memorandum.)

2. BASTARDY—*Allegation in Complaint that the Child was Born a Bastard.*—The allegation that the child was born a bastard, does not necessarily imply that the mother was unmarried at the time.

3. BASTARDY—*Right to Amend Complaint.*—There can be no controversy concerning the right to amend a complaint in bastardy proceedings.

4. AMENDMENTS—*Practice in Making.*—It is the better practice to make amendments on a separate piece of paper, and not by interlineation or erasure, and especially so when the paper to be amended is under oath.

5. AMENDMENTS — *Complaint in Bastardy.*—Where, in a bastardy proceeding, a motion for leave to amend was accompanied by the affidavit of the relatrix, affirming the truth of the facts to be added by way of amendment, *it was held* sufficient to make the amendment valid, even though the relatrix was not sworn to the affidavit as amended.

6. LIMITATIONS—*Commencement of Actions by Amendment of Plead-*

*ings.*—Where an amendment to a complaint does not introduce a new cause of action, the fact that the statute of limitations had run before the amendment, is not a defense.

**Memorandum.**— Bastardy proceedings. The complaint began with the following recital: "The complaint of Viola Gray, of Bridgeport, in the said county, an unmarried woman, made before H. W. Bunn, one of the justices of the peace in and for said county, under oath, who says that," etc. Appeal from the County Court of Lawrence County; the Hon. F. C. MESERVE, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

WM. ROBINSON and GEORGE HUFFMAN, attorneys for appellant.

J. E. MCGAUGHEY, state's attorney, and GEE & BARNES, attorneys for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

On September 24, 1890, Viola Gray appeared before a justice of the peace of Lawrence county and made a complaint charging appellant with being the father of her child. The complaint did not allege, except by way of recital at the beginning, that she was an unmarried woman at the time when her child was born, but did state that she had been delivered of a "male bastard child." The record does not show any motion to dismiss the proceeding in the justice's court on account of the insufficiency of the complaint, but does show that the state's attorney, by direction of the justice, amended the complaint by interlining therein the words, "that she is an unmarried woman."

Before the commencement of the trial in the County Court, appellant made a motion to dismiss the proceeding because of the alleged insufficiency of the complaint. Appellee made a cross-motion for leave to amend, and presented the affidavit of the relatrix in support thereof, in which she swore that before the making of the complaint she had told the justice of the peace that she was an unmarried woman,

and that, when she was sworn to the complaint, she supposed it contained a statement to that effect. This affidavit further stated that the child was born on October 5, 1888, and that the mother was then an unmarried woman. The court sustained the cross-motion and granted leave to amend the complaint, which was done by interlineation so as to show the date of the child's birth and to affirm that the relatrix was, and always had been, an unmarried woman. As soon as this amendment was made, appellant renewed his motion to dismiss, alleging again the insufficiency of the complaint and insisting that the complaint, as amended, should be sworn to by the relatrix, and also that the amendment, which was made on April 18, 1893, introduced new and material matter, barred, as a cause of action, by the statute of limitations. This motion was promptly overruled. Appellant then filed two pleas, one alleging that he was not guilty, and the other alleging that he was not guilty within two years prior to the amendment of the complaint. A demurrer was sustained to the second plea.

Upon the trial appellee proved the charge in the amended complaint; appellant offered no evidence, and the case was submitted to the jury without argument or instructions. A verdict of guilty was returned and judgment was rendered accordingly.

Appellant contends, in the first place, that the complaint was not amended, and in the second place, that the complaint, if amended, introduced a new cause of action, barred by the statute of limitations. There can be no doubt that a complaint under the bastardy act, made after delivery, should show that the relatrix was an unmarried woman at the time of the birth of her child, and that the recital of such fact in that part of the complaint which precedes the words "who says," is not sufficient. Maynard v. The People, 135 Ill. 416. And yet there is a marked distinction between the Maynard case and the case at bar. In the complaint in the former case, it is said that the child is likely to be born a bastard; in the complaint in the latter it is alleged that the child has been born a bastard. In one,

the allegation is of a probability; in the other of an actual fact. Inasmuch, however, as under some circumstances, a child born during wedlock may be a bastard (1 Blackstone's Com. *457), the allegation that the child was born a bastard does not necessarily imply that the mother was un-married at the time. Passing from this question, let us inquire whether or not the complaint was sufficiently amended. In view of the decision in the Maynard case, there can be no controversy concerning the right to amend. The only question is, should the complaint have been sworn to after the amendment was made? It is the better practice to make amendments on a separate piece of paper, and not by interlineation or erasure, and especially so when the paper to be amended is under oath. Would it not be sufficient to present to the court an affidavit showing the truth of the facts to be added by way of amendment, and then to present the amendment on a separate piece of paper without any additional affidavit? If this could be done, would the amendment be inoperative and void merely because it was made by interlineation of the original? We think not.

We find some authority for our view of the law in Kilmer v. The People, 106 Ill. 529. In that case an affidavit which was intended to show a compliance with the law relative to the giving of notice to property owners in a special assessment proceeding, and which was required to be filed before judgment of confirmation, failed to show that the notice stated the term of court at which the assessment roll would be returned for confirmation. The assessment was confirmed. Afterward, on application for judgment, a motion was made for leave to amend, which was supported by the testimony of the commissioner who had made the affidavit and who was now sworn and examined as a witness on the subject. On appeal to the Supreme Court, it was held that leave to amend had been properly granted. The amendment had been made by filling out a blank in the original affidavit, and there is nothing to show that the commissioner who had made the original affidavit made oath to

the affidavit as amended, otherwise than by his oral statement of the facts when examined as a witness in open court. The Supreme Court say: "The amendment was clearly in furtherance of justice; it simply made the affidavit speak the facts as they occurred and as was intended by the party making it."

In the case at bar the motion for leave to amend was accompanied by the affidavit of the relatrix affirming the truth of the facts to be added by way of amendment, and this was sufficient to make the amendment valid, even though the relatrix was not sworn to the affidavit as amended. The Maynard case effectually disposes of all questions relative to the statute of limitations. It is there held that a complaint like the one in controversy is not void, and for that reason can be amended. The amendment merely makes definite an averment which does not exclude every possibility. The suit from beginning to end relates to the same child, born of the same mother, begotten by the same father. The amendment does not introduce a new cause of action, and therefore the statute of limitations is not a defense. North Chicago Rolling Mill Co. v. Monka, 107 Ill. 340; Blanchard v. L. S. & M. S. Ry. Co., 126 Ill. 416.

The judgment of the County Court is affirmed.