## J. P. M. Harrison v. The People ex rel., etc.

1. AMENDMENTS—*Complaint in Bastardy Proceedings.*—A complaint in bastardy proceedings may be amended, pending a motion for new trial. Being a civil proceeding, amendments are authorized at any time before judgment.

2. BASTARDY—*Complaint is Not Evidence.*—The complaint in bastardy proceedings is not competent for the purpose of showing that the prosecutrix was an unmarried woman.

**Bastardy Proceedings.**—Trial in the County Court of Washington County; the Hon. GEORGE VERNON, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the August term, 1898. Reversed and remanded. Opinion filed March 10, 1899.

C. T. MOORE and J. A. WATTS, attorneys for appellant.

F. M. VERNOR and S. S. JONES, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This is a prosecution for bastardy.

Annie C. Woodrome, in August, 1897, filed her complaint, charging appellant with being the father of her unborn child, but did not state, under oath, that she was an unmarried woman. After verdict rendered in the County Court, and pending motion for new trial, leave was granted and the complaint amended. In this there was no error. Being a civil proceeding, amendments are authorized at any time before judgment. Eshelman v. People, 52 Ill. App. 621; Maynard v People, 135 Ill. 430.

It is objected that there is no evidence to sustain the amendment and warrant the jury in finding that complainant was unmarried. The testimony is by no means conclusive. Seven months after the birth of her child, upon the trial in the County Court, in answer to the question, " Are you married or single? " she answered, " Single." It further appears that she was living at home with her

father and mother, at the time appellant came to get her to work at his house. That her mother told her what Harrison wanted, and she said she would go, and her mother so told Harrison. That she stayed at his house three days, and that the child was born at her father's house.

There was no testimony tending to prove that she was a married woman. The attorney for the people in his argument, after reciting a Bible story, said, " Mr. Harrison did not leave a staff nor ring with the prosecuting witness, but has stamped his image upon that child that you see here." Objection was made by appellant and the objection sustained by the court, and the jury directed not to consider the statement. The court having sustained appellant's objection and directed the jury not to consider such statement there is no error here of which to complain. The following statement was also made by the attorney for the people in argument after the testimony was heard : " It is claimed here that there is no evidence to show that the prosecuting witness was an unmarried woman when she became pregnant, and when the child was born. The complaint is on file, sworn to before the justice, and it is evidence of her being an unmarried woman. It made " (here objection was made to reading the complaint but the objection was overruled, and appellant excepted). The complaint was then read to the jury. It was as follows :

" State of Illinois, ⎱
Washington County. ⎰

The complaint of Anna C. Woodrome in said county, an unmarried woman, made before Louis Mundinger, one of the justices of the peace in and for said county under oath, who says that she is now pregnant with a child, and that said child is likely to be born a bastard, and that J. P. M. Harrison, in the said county, is the father of said child.

ANNA C. WOODROME.

Taken, signed and sworn to this 5th day of August, 1897.

LOUIS MUNDINGER, J. P.

In permitting the complaint to be read, accompanied by the statement that it was sworn to and was evidence that she was an unmarried woman, the court erred. It was not

evidence, any more than an indictment before a grand jury is evidence upon the trial of the case.   In addition to this, the complaint does not show that complainant swore that she was an unmarried woman.   All that precedes the words " who says " is mere recital.    Maynard v. People, *supra*.

The evidence as to complainant being an unmarried woman at the time of the conception and of the birth of her child, being slight in character, and entirely inferential, the ruling of the court admitting the complaint to be read under the statement, that it was evidence that she was unmarried, is reversible error.

Judgment reversed and case remanded.