Argued December 16, 1908, decided January 19, rehearing denied March 16, 1909.

## STATE v. EISEN.

[99 Pac. 282; 100 Pac. 257.]

INFANTS—JUVENILE LAWS—PENAL STATUTES—PURPOSE.

1. It was not the purpose of the juvenile act, making it a misdemeanor to contribute to the delinquency of a child, to provide additional methods of prosecuting or cumulative penalties for crimes already provided for by the Code, and an information under the act is insufficient where it describes a crime cognizable under other provisions of the Code.

INFANTS—STATUTES FOR PROTECTING INFANTS—CONSTRUCTION.

2. The general purpose of the juvenile act was to provide for the welfare of neglected and delinquent children, by placing the State *in loco parentis* so far as possible, with a view to their reformation, and, by the express provision of the act (§ 18, p. 47, Laws 1907), it should be liberally construed to that end.

INFANTS—PROSECUTION UNDER JUVENILE LAWS—NATURE OF PROSECUTION.

3. In prosecutions of adults under the provision of the juvenile act for contributing to the delinquency of children, the State does not act as guardian in the same manner as it acts for minors, and such prosecution should be conducted in the same manner as other criminal prosecutions.

INFANTS—PROTECTION OF MINOR CHILDREN — EFFECT OF MARRIAGE — "CHILD."

4. Since under Section 5216, B. & C. Comp., permitting females fifteen years old to marry, and Section 5228, prohibiting the issuance of marriage licenses without the consent of parent if the female is under eighteen years old, a female seventeen years old can marry with her parents' consent. Laws 1907, pp. 39, 121, making it a misdemeanor to do any act tending to cause a "child" to become delinquent, and providing that the act shall only apply to children under 18 years of age, did not apply to a female seventeen years old who had married with her parents' consent; a "child" being "a very young person; one not old enough to dispense with maternal aid and care."

INFANTS—JUVENILE LAWS—MINORS EMBRACED BY—"CHILD."

5. Section 5216, B. & C. Comp., permits females fifteen years old to marry, and Section 5228 prohibits issuance of a marriage license without the parent's consent if the female is under eighteen. The juvenile act provides that it shall apply only to children under eighteen, and makes it a misdemeanor to endeavor to induce a child to do anything tending to cause him to become delinquent. *Held* that, on marriage of a child between fifteen and eighteen years of age with parental consent, he loses his legal status as a "child" within the juvenile act.

INDICTMENT AND INFORMATION—ESSENTIALS—NEGATIVING EXCEPTIONS.

6. An information or indictment must negative exceptions expressly or impliedly included in the statute under which it is drawn.

INFANTS—PROTECTION OF CHILDREN—INFORMATION—SUFFICIENCY.

7. An information under the juvenile act for contributing to a child's delinquency, alleging that a specified female under eighteen years old was pregnant, is insufficient, as it does not negative pregnancy in a lawful manner, or as a result of marriage; the presumption being that it was lawful.

From Multnomah: THOMAS O'DAY, Judge.

The defendant, William Eisen, was convicted of contributing to the delinquency of a minor child, and from a judgment sentencing him to pay a fine of $500, he appeals. Reversed and judgment directed to be entered dismissing the complaint.    REVERSED.

For appellant there was a brief over the names of *Mr. J. F. Watts* and *Mr. Waldemar Seaton,* with an oral argument by *Mr. Seaton.*

For the State there was a brief over the names of *Mr. Andrew M. Crawford,* Attorney-General, *Mr. George J. Cameron,* District Attorney, and *Mr. David N. Mosessohn,* Deputy District Attorney, with oral arguments by *Mr. Mosessohn* and *Mr. Isaac H. Van Winkle.*

Opinion by MR. COMMISSIONER KING.

Defendant was tried and convicted on an information filed by the district attorney, charging him, jointly with

two others, with having committed an act contributing, and manifestly tending to contribute, to the delinquency of a minor child. From a judgment sentencing him to pay a fine of $500, he appeals.

The only point presented relates to the sufficiency of the facts charged to constitute a crime. The information, omitting the formal parts, reads:

"William Eisen, Ernest Hayman, and David Smith, on the first day of October, 1907, in the county of Multnomah and State of Oregon, then and there being, did then and there willfully and unlawfully commit an act which encouraged, caused and contributed to the delinquency of one Jennie Sigher, a minor child of the age of seventeen years, and did commit an act which did manifestly tend to cause the said Jennie Sigher to become a delinquent child in a way and manner as follows, to-wit: She, the said Jennie Sigher, being on the first day of October, 1907, in the county of Multnomah and State of Oregon, pregnant, the said William Eisen, Ernest Hayman and David Smith then and there willfully and unlawfully used and employed in and upon the body and womb of the said Jennie Sigher, certain instruments and other means, a more particular description of which said instruments and other means is to the district attorney unknown, and did willfully administer certain drugs, medicines and substances to her, the said Jennie Sigher, a more particular description of which is to the district attorney unknown, with the intent of them, the said William Eisen, Ernest Hayman and David Smith then and there to produce and procure an abortion and miscarriage of her, the said Jennie Sigher, and to destroy the fœtus wherewith the said Jennie Sigher was then and there pregnant as aforesaid, and it not being then and there necessary to use or employ said instruments, means, drugs, medicines or substances to destroy the said fœtus to preserve the life of her, the said Jennie Sigher, and in consequence thereof, the said Jennie Sigher was then and there prematurely delivered of said fœtus with which she was so pregnant as aforesaid, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

The information does not disclose that the minor there named has in fact become a delinquent child, and, so

far as appears therein, she was a married woman at the time she became pregnant. The only acts stated in the information having the appearance of being in violation of any law consisted in the administering of drugs to, and the use of instruments upon, Jennie Sigher, by means of which a miscarriage was produced.

1. It is obviously not the purpose of the juvenile act to provide either additional methods of prosecuting, or cumulative penalties for crimes, for the prosecution and punishment of which provision has otherwise been made by the Code. If the acts are sufficient to bring the charge within Section 1748 of the Code, the crime would be manslaughter, and not contribution to a child's delinquency; and no attempt is made to inform against the defendant on that charge, nor does the information state sufficient facts for that purpose.

2. As held in *State* v. *Dunn,* 53 Or. 304 (99 Pac. 278), the general purpose of the juvenile court act is for the common welfare and good of neglected and delinquent children, as there defined, to accomplish which it is intended by the act that the State occupy, with reference to such children, the position of guardian, and be placed in the same position, so far as practicable in this respect, as that of a parent, with a view, not to their punishment, but to their reformation; and, successfully to carry out the purpose of the law in this respect, a broad and liberal construction is provided for in the act. Laws 1907, p. 47, chap. 34, § 18.

3. But when it comes to the prosecution of adults charged with having contributed to such delinquency or dependency, the State is not assuming to act in the capacity of a guardian, or in the same relation, or for the same purpose in which it acts for a minor; and, as to violators of this act by adults, they are to be tried as are the transgressors of any other penal statute. *Mill* v. *Brown,* 31 Utah, 473, 482 (88 Pac. 609: 120 Am. St. Rep. 935). The only provision of the juvenile

act having any bearing upon the case under consideration is that part providing, in effect, that, if any person shall do any act manifestly tending to cause a child to become delinquent, such person shall be deemed guilty of a misdemeanor. Laws 1907, pp. 39, 121; *State* v. *Dunn,* 53 Or. 304 (99 Pac. 278).

4. So far as disclosed by the information, Jennie Sigher may have been legally married. It appears from the facts there stated that at the time of the acts complained of she was 17 years of age, hence capable of contracting marriage; and from this it would follow that, if married with the consent of her parents, the marriage was valid, although she was under 18 years of age. Sections 5216, 5228, B. & C. Comp. A child is defined in the Century Dictionary as, "Specifically, a very young person; one not old enough to dispense with maternal aid and care." In reference to age, the juvenile act provides, "This act shall apply only to a child under the age of 18 years." Laws 1907, p. 39. Now, while Jennie Sigher was under 18 years at the time of the acts complained of, she was not, if married, a child or person who was "not old enough to dispense with the parental care"; for, since she was old enough, under the statute to contract marriage, and, with the consent of her parents, was legally married, she became a married woman, and in no sense such a person as was intended to come within the provisions of the act. Since every presumption must be resolved in favor of the defendant, it not appearing that she was unmarried at the time of the alleged abortion, it cannot, under any possible construction, be held, within the provisions of the juvenile statute, that the acts charged contributed or tended to contribute to the delinquency of a minor child.

For the reasons stated, the judgment of the court below should be reversed, and one there entered dismissing the information.                    REVERSED.

Decided March 16, 1909.

## ON PETITION FOR REHEARING.
[100 Pac. 257.]

MR. JUSTICE KING delivered the opinion of the court.

5. The juvenile act provides that it shall apply only to children under 18 years of age, and that any person who shall, by threats, persuasion, or otherwise, endeavor to induce any child to do or perform any act, or to follow any course of conduct, which will cause, or manifestly tend to cause, any child to become delinquent shall be guilty of a misdemeanor. Statutes previously enacted permit the marriage, with the consent of her parents, of any female over 15, and under 18, years of age, after which all parental control ceases. In other words, the child then loses its legal status as such, and does not come within the term "child," as contemplated by the juvenile act; the law conclusively presuming the guardianship of the State under such circumstances to be unnecessary. The Supreme Court of Colorado, in *Gibson* v. *People*, 99 Pac. 333, in construing juvenile statutes of similar import to ours, goes even farther than held in this case, and, in effect, holds it not to have been the intention of the juvenile act, by the use therein of the words "any person," to provide for the prosecution, on a charge of having contributed to a child's delinquency, of any person except one occupying, with reference to such child, the position of parent, guardian, brother, sister, or other similar relation. We are inclined, however, to the view announced in the opinion in the case in hand (99 Pac. 282) and in *State* v. *Dunn,* 53 Or. 304 (99 Pac. 278), to the effect that the juvenile act is sufficiently broad in terms, and has for its purpose the protection of the youth of the country, and of thereby making better citizens of them, to carry out which the same protection was intended to be invoked in their favor against the wrongs of those not *in loco parentis*

with reference to them, as should be applied to parents, guardians, etc. But, while we differ from that eminent court in its interpretation of the law as to the class of individuals intended to be punished for contributing toward the waywardness of minors, we think the law is limited in its scope, and that we would not be justified in further extending its application as to include married women under 18 years of age. Construing the juvenile acts of this State with Sections 5216, 5228, B. & C. Comp., it cannot be seriously questioned but that the effect of the law is to provide that any one contributing to the delinquency of an unmarried person under 18 years of age shall be guilty of a misdemeanor, etc.; that is, the legislative acts on the subject were only intended to include such as may require parental care and attention, and not those placed at the head of the household. The effect of the statutes on this point is as obvious as if specifically mentioned therein, making such persons an exception to the class under 18 years of age mentioned in the law on the subject.

6. It would seem that the rule governing pleadings is so well settled, by the numerous adjudications on the subject in this State, that no doubt could well arise as to the proper manner of pleading in such cases, in reference to which it has frequently been held that an information or indictment must negative such exceptions as are expressly or impliedly included in the statute under which the charge against the accused may be preferred. *State* v. *Clements,* 15 Or. 237, 247 (14 Pac. 410) ; *State* v. *Tamler,* 19 Or. 528 (25 Pac. 71: 9 L. R. A. 853) ; *Binhoff* v. *State,* 49 Or. 419, 421 (90 Pac. 586) ; *Gue* v. *City of Eugene,* 53 Or. 282 (100 Pac. 254). Also 22 Cyc. 344, where authorities are collated on the subject; *State* v. *Ring,* 77 Ark. 139 (91 S. W. 11; *Sommerville* v. *Boston,* 120 Mass. 574. This rule, it is true, like most others, has its exceptions, and such are the instances considered in the authorities cited in the petition for

rehearing, where the negative omitted may personally relate to, and be peculiarly within the knowledge of, the accused; for instance, if a person is charged with rape, it has been held unnecessary to allege in the information that the woman assaulted was not his wife. 2 Bishop, New Crim. Proc. § 956; *People* v. *Colton,* 2 Utah, 457. Some cases also hold it to be the general rule that the single state will be presumed to exist until the contrary is shown; but the authorities upon this point are far from being uniform. 2 Bishop, Stat. Crimes (3 ed.), § 693; *Eshelman* v. *People,* 52 Ill. App. 621; *Commonwealth* v. *Murphy,* 2 Allen (Mass.) 163.

7. But, whatever may be the general rule upon the subject, it will not follow from the mere statement that a female, although under 18 years of age, is pregnant that she is unmarried. When it was alleged that Jennie Sigher was pregnant, the averment carried with it the presumption that she became pregnant in a lawful and legitimate manner, or as a result of marriage. Other inferences might be drawn from an allegation to that effect where the prosecution is on a charge of seduction, but, assuming, without deciding, such to be the law, it is too clear to admit of serious doubt that such rule is inapplicable to the facts disclosed by the information, the sufficiency of which is here involved.

The petition for rehearing will be denied.

REVERSED: REHEARING DENIED.