Argued at Pendleton October 26, affirmed November 16, 1920.

## STATE *v.* GATES.

### (193 Pac. 197.)

**Criminal Law—Motion in Arrest, Filed Two Days After Verdict, but Before Entry of Judgment, is in Time.**

1.   Under Sections 175, 1559, 1560, L. O. L., prescribing the time for filing motions for new trial, and requiring a motion in arrest to be filed within the same time, a motion in arrest, filed two days after verdict, but before entry of judgment, is in time.

**Infants—Indictment Insufficient to Charge Offense of Contributing to Delinquency of Minor.**

2.   An indictment, charging that defendant did wrongfully contribute to the delinquency of a minor female child, and induced her to have unlawful sexual intercourse with him, she not then and there being his wife, is insufficient where it did not allege that the minor, who was averred to be over the age of 16, was unmarried, for a female minor of the age of 15 or over, if married, cannot be a delinquent child, and the fact that such minor is not married must affirmatively appear.

From Union: JOHN W. KNOWLES, Judge.

In Banc.

The defendant was tried and convicted, by the verdict of a jury, of the crime of "contributing to the delinquency of a minor." The verdict of the jury was returned into court on June 24, 1920, and thereafter, on June 26, 1920, and prior to judgment on the verdict, the defendant filed his motion in arrest of judgment on the ground that the indictment does not state facts sufficient to constitute a crime. Having taken the matter under advisement, the court, on August 14, 1920, made and entered an order allowing the motion in arrest of judgment, and the state appeals.          AFFIRMED.

For the State there was a brief and an oral argument by *Mr. John S. Hodgin,* District Attorney.

For respondent there was a brief and an oral argument by *Mr. R. J. Green.*

BENSON, J.—The state assigns two grounds of error: (1) That the motion was not filed within the time prescribed by statute; and (2) that the indictment sufficiently states the facts constituting the crime charged.

1. Considering these in the order mentioned, was the motion filed within the time prescribed in the statute? Section 1559, L. O. L., says:

"Chapters VII and VIII of Title II of the Code of Civil Procedure shall apply to and regulate exceptions and new trials in criminal actions, except that a new trial shall not be granted on the application of the state."

Section 175, L. O. L., being a part of Title II, Chapter VIII, of the Code of Civil Procedure, contains this clause:

"A motion to set aside a judgment and for a new trial, with the affidavits, if any, in support thereof, shall be filed within one day after the entry of the judgment sought to be set aside, or such further time as the court may allow."

Section 1560, L. O. L., being a part of the Code of Criminal Procedure, reads thus:

"A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered on a plea or verdict of guilty, or on a verdict against the defendant on the plea of a former conviction or acquittal. * * The motion must be made within the time allowed to file a motion for a new trial, and both such motions may be made together, and heard and decided at once or separately, as the court may direct."

From the foregoing statutory provisions it is apparent that a motion for a new trial may be filed either before or after the entry of judgment, but in any event must be made not later than one day after the entry of judgment. In the present case, the motion in arrest of judgment was made before any entry of judgment, and was therefore clearly within the time allowed for filing a motion for a new trial.

2. We turn, then, to a consideration of the sufficiency of the indictment. The charging part of the indictment reads as follows:

"The said Price Gates on the 2nd day of May, 1920, in the County of Union and State of Oregon, then and there being, did unlawfully and wrongfully encourage, cause and contribute to the delinquency of one Marjorie McIntire, a minor female child under the age of eighteen years, to-wit, of the age of sixteen years, and follow a course of conduct which would cause, and did manifestly tend to cause, the said Marjorie McIntire to become delinquent, by acts and in manner following:

"At the said time and in said county the said Price Gates persuaded, induced and caused the said Marjorie McIntire to sleep with him and to have unlawful sexual intercourse with him; the said Marjorie McIntire not being then and there the wife of the said Price Gates, all contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

The motion of defendant is based upon the fact that the indictment fails to allege that the "minor female child" was then and there single and unmarried. Counsel for the state contends that such an allegation is not essential and cites many authorities in support of his contention. However, the question has been conclusively answered in the case of *State v. Eisen,* 53 Or. 297 (99 Pac. 282, 100 Pac. 257),

wherein it is expressly held that a female minor, of the age of fifteen years or over, if married, is not and cannot be a delinquent child within the meaning of the statute upon which this indictment is based, and that it must affirmatively appear in the indictment that such minor was unmarried at the time of the commission of the alleged wrongful acts. It follows that the judgment of the lower court must be affirmed, and it is so ordered.          AFFIRMED.

McBRIDE, C. J., not sitting.