People of State of Illinois, Defendant in Error, v.
Frank Weber, Plaintiff in Error.

Gen. No. 44,366.

Opinion filed June 21, 1948. Released for publication September 9, 1948.

JAMES L. GRIFFIN, of Chicago, for plaintiff in error.

WILLIAM J. TUOHY, State's Attorney, for defendant in error; JOHN T. GALLAGHER and MELVIN S. REMBE, Assistant State's Attorneys, of counsel.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This writ of error is prosecuted by the defendant, Frank Weber, to reverse a judgment of the municipal court of Chicago, which adjudged him guilty of the criminal offense of contributing to the delinquency of a child and sentenced him to serve a term of sixty days in the House of Correction and to pay the costs. Defendant entered a plea of not guilty and, having waived a jury, the case was tried by the court without a jury. Defendant's motions for a new trial and in arrest of judgment were denied.

The information upon which defendant was tried and convicted, omitting the formal portions thereof, reads as follows:

"Frank Weber heretofore to-wit, on the 13th day of September, A.D. 1947, at the City of Chicago, aforesaid, did unlawfully, knowingly and wilfully encourage Joan Gould, a F person under the age of 18 years, to-wit: 15 years of age to be or to become a delinquent child and did then and there unlawfully knowingly and wilfully do acts which directly produced, promoted and contributed to conditions which tended to render said Joan Gould to be or to become a delinquent child in that he, the said Frank Weber did: feel and put his hands on the body of the said: Joan Gould, (15 yrs.).

"In violation Sec. 2, Par. 104, Chap. 38 Illinois Rev. Statutes, contrary to the form of the Statute in such case made and provided and against the Peace and Dignity of the People of the State of Illinois."

As shown by the information, defendant was charged with having violated section 2 of "An Act to define and punish the crime of contributing to the delinquency of children" (par. 104, ch. 38, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 37.090]), the pertinent provisions of which are as follows:

"Any person who shall knowingly or wilfully cause, aid or encourage any male under the age of seventeen (17) years or any female under the age of eighteen

(18) years to be or to become a delinquent child as defined in section one (1), or who shall knowingly or wilfully do acts which directly tend to render any such child so delinquent . . . shall be deemed guilty of the crime of contributing to the delinquency of children.''

It will be noted that the information, after charging generally that the defendant did unlawfully, knowingly and wilfully encourage Joan Gould, a 15 year old female person, to be or to become a delinquent child and did then and there unlawfully, knowingly and wilfully do acts which directly produced, promoted and contributed to conditions which tended to render said Joan Gould to be or to become a delinquent child, proceeds to charge under the videlicet that he ''did: feel and put his hands on the body of the said: Joan Gould, (15 yrs.).''

Several grounds are urged for reversal but the only contention of defendant that we deem it necessary to consider is that the information is void because the specific act or conduct set forth therein under the videlicet does not constitute any criminal offense.

This contention must be considered in the light of the rule that, if an information charges no crime or is otherwise fatally defective, such defect can be taken advantage of on writ of error whether the defendant pleads guilty or not guilty and regardless of whether or not the sufficiency of the information was in any way questioned in the trial court.

In order to charge a defendant with the crime of contributing to the delinquency of a child with the certainty and sufficiency required by law, an information must not only allege generally in the language of the statute that he committed such crime but it must further allege a specific act or conduct on his part which directly tended to render the child a delinquent.

The information against defendant herein did allege generally his commission of the offense by the statu-

tory description thereof but the question presented for our determination is whether the specific conduct of the defendant alleged under the videlicet, namely, that "Frank Weber did: feel and put his hands on the body of the said: Joan Gould, (15 yrs.)," charged him with any act which directly tended to render Joan Gould a delinquent child.

In *People v. Barnes,* 314 Ill. 140, the court said at p. 145: "It is not sufficient to charge an offense in the language of the statute alone, where by its generality it may embrace acts which it was not the intent of the statute to punish. *Such facts must be alleged that, if proved, defendant cannot be innocent.*" (Italics ours.) As has been seen, the charge made against defendant under the videlicet did not contain any allegation as to what part of the body of the child, Joan Gould, he "put his hands on." It is readily conceivable that a man might put his hands on various portions of the body of a female child and still be innocent of the crime of contributing to her delinquency. A man, especially a relative, a friendly neighbor or an intimate acquaintance of her family, might place his hands on or around the shoulders or on the head or arms of a female child and not be guilty of conduct which would tend to render the child delinquent.

Since the information failed to charge defendant with the commission of any act or conduct which would directly tend to render Joan Gould a delinquent child, we are impelled to hold that it was fatally defective.

In *People v. Green,* 368 Ill. 242, the court said at pp. 250 and 251:

"It is a rule, even in civil pleading, that if a complaint fails to state a cause of action the defect may be reached and the question raised on writ of error, even if there has never been any demurrer, motion for a new trial or motion in arrest of judgment. (*Oul-*

*vey v. Converse,* 326 Ill. 226; *Chicago and Eastern Illinois Railroad Co. v. Hines,* 132 id. 161.) The same rule applies to criminal pleading, and if an indictment is void the error may be reached in this court even though there has been a plea of guilty in the trial court. (*Klawanski v. People,* 218 Ill. 481.) In such case it is error to overrule a motion in arrest of judgment and, on review, *the proper order is one of reversal without remanding.* (*People v. Martin,* 314 Ill. 110; *People v. Barnes,* id. 140.) In the case of *People v. Minto,* 318 Ill. 293, which was decided shortly after the *Barnes* case, *supra,* it appears that the question of the sufficiency of the information was not raised in the Appellate Court nor in this court until the filing of a reply brief pointing out that, under the *Barnes* case, the information was insufficient. We there held that the judgment would be reversed even though the matter had never been called to the attention of this court until the filing of the reply brief. In the later case of *People v. Wallace,* 316 Ill. 120, the indictment was insufficient and it was again held that the point was good, even though raised for the first time in the reply brief." (Italics ours.)

For the reasons stated herein the judgment of the municipal court of Chicago is reversed.

*Judgment reversed.*

Friend, P. J., and Scanlan, J., concur.