Argued January 13, reversed January 27, 1954

STATE OF OREGON *v.* PEEBLER ET AL.

265 P. 2d 1081

*O. H. Bengtson,* of Medford, and *Leo Levenson,* of Portland, argued the cause for appellants. With them on the brief was Irving C. Allen, of Medford.

*Walter D. Nunley,* District Attorney for Jackson County, of Medford, argued the cause and filed a brief for respondent.

## BRAND, J.

The defendants were convicted of the crime of contributing to the delinquency of minor children. The charging part of the indictment reads as follows: ·

> "The said Rosie L. Peebler and Arthur Hanson also known as Arthur E. Hansen on the 12th day of April, A. D. 1952, in the said County of Jackson and State of Oregon, then and there being, and then and there acting together, and the following: Patricia Ellen Peebler, Diane Peebler, Larry Peebler and Joanne Peebler, then and there being unmarried children all under the age of 12 years, and the said Rosie L. Peebler and Arthur Hanson did then and there unlawfully and feloniously do an act, to-wit: did then and there sleep in the same bed in the

presence of said minors, the said Rosie L. Peebler and Arthur Hanson not then and there being married, which said act did manifestly then and there tend to cause the said Patricia Ellen Peebler, Diane Peebler, Larry Peebler and Joanne Peebler to become delinquent children, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

The indictment was drawn under the provisions of that part of OCLA, § 23-1034 (ORS 167.210) which reads as follows:

"* * * any person who shall do any act which manifestly tends to cause any child to become a delinquent child, shall be guilty of a crime and, upon trial and conviction thereof, shall be punished * * *."

For an understanding of this law we must look to the statute which defines child delinquency. It reads as follows:

" 'Child delinquency' within the meaning of this act shall be defined as follows: Persons of either sex under the age of eighteen years who violate any law of the state, or any city or village ordinance; or persistently refuse to obey family discipline; or are persistently truant from school; or associate with criminals or reputed criminals; or are growing up in idleness and crime; or are found in any disorderly house, bawdy house, or house of ill fame; or are guilty of immoral conduct; or visit, patronize, or are found in any gaming house or in any place where any gaming device is or shall be operated, are hereby classed as delinquent children * * *." OCLA, § 93-603 (ORS 419.503.)

The defendants contend that the provision of statute under which the indictment was brought is unconstitutional. By reason of our conclusion as to the sufficiency of the indictment, we find it unnecessary to

consider the attack upon the constitutionality of the statute except to state that prosecutions under OCLA, § 23-1034 have been before this court many times. *State v. Eisen,* 53 Or 297, 99 P 282, 100 P 257; *State v. Dunn,* 53 Or 304, 99 P 278, 100 P 258; *State v. Gates,* 98 Or 110, 193 P 197; *State v. Stone,* 111 Or 227, 226 P 430; *State of Oregon v. Moore,* 194 Or 232, 241 P2d 455; *State v. Harvey,* 117 Or 466, 242 P 440; *State v. Du Bois,* 175 Or 341, 153 P2d 521; *State v. Nagel,* 185 Or 486, 202 P2d 640; *State v. Doud,* 190 Or 218, 225 P2d 400. In the last four cases above cited, the convictions were affirmed. In no case has this court expressed doubt as to the constitutionality of the statute.

 The defendants' principal contention is that the indictment fails to allege facts sufficient to constitute the crime of contributing to the delinquency of a minor and that the court erred in failing to dismiss the case. No demurrer was presented to the court prior to the plea of not guilty. This court looks with disfavor upon challenges to the sufficiency of an indictment made after trial, and in a doubtful case we may give a more liberal construction to an indictment which has not been timely tested by demurrer. We recognize, however, that the sufficiency of the indictment may be challenged at a later stage of the proceedings, and we deem it our duty to consider the issue which is presented in this case.

 Indictments brought in cases under the portion of the statute which is involved in this case must allege the specific act or acts relied upon as manifestly tending to cause delinquency, and must further allege that the specific acts charged did manifestly tend to cause delinquency. *State of Oregon v. Moore* and *State v. Stone,* both supra.

■ The requirement that the tendency to delinquency must be "manifest" in the acts charged implies that those acts must be of such a character as to indicate of themselves a tendency to cause delinquency.

In *People v. Lamanuzzi*, 77 Cal App 301, 246 P 557, the information charged the defendant with furnishing wine to three minors. The court said:

"* * * Where the gravamen of the offense under the section mentioned is the tendency of an act or omission, it is, according to the general rule applicable to criminal pleadings, essential to a complete description of the crime that it be alleged that the act or omission charged tended to have the effect designed to be prevented."

There was no allegation that the alleged acts tended to encourage the minors to become persons within the provisions of the Juvenile Court Act, and the information was held bad.

In *People v. Bergotini*, 172 Cal 717, 158 P 198, it was charged that the defendant contributed to the dependency of certain children in that he induced the mother of the children to live in immoral relations with him. There was no allegation that the immoral acts were done in the presence of the children or had any direct effect upon their morals. The information was held insufficient.

In *People v. Weber*, 335 Ill App 215, 81 NE2d 5, the information reads as follows:

"Frank Weber heretofore to-wit, on the 13th day of September, A. D. 1947, at the City of Chicago, aforesaid, did unlawfully, knowingly and wilfully encourage Joan Gould, a F person under the age of 18 years, to-wit: 15 years of age to be or to become a delinquent child and did then and there unlawfully knowingly and wilfully do acts which di-

rectly produced promoted and contributed to conditions which tended to render said Joan Gould to be or to become a delinquent child in that he, the said Frank Weber did: feel and put his hands on the body of the said: Joan Gould, (15 yrs.)''

The court quoted from *People v. Barnes,* 314 Ill 140, 145 NE 391, as follows:

" 'It is not sufficient to charge an offense in the language of the statute alone, where by its generality it may embrace acts which it was not the intent of the statute to punish. *Such facts must be alleged that, if proved, defendant cannot be innocent.*' ''

It was held that the information was insufficient.

In *Reynolds v. State,* 23 Ala App 333, 125 So 204, the complaint charged the defendant Minnie Reynolds with contributing to the delinquency of children by inducing the father to give her presents when the children needed the money, and by occupying the same room and bed with the father. The complaint was held demurrable.

In *Stone v. State,* 220 Ind 165, 41 NE2d 609, the defendant was charged in the language of the statute with acts tending to cause delinquency. The specific act charged was the giving of a cigarette to a minor. The charge was held insufficient.

In *People v. Plocar,* 411 Ill 141, 103 NE2d 612, the defendant was convicted for contributing to the delinquency of a minor. The charge was in the language of the statute which is similar to our own, but the specific act charged was that he did ask the child to get into his automobile to have a good time, and offering her $2.00. The information was held insufficient. The court said:

"* * * It is not specified by the information in what respect these facts tend to render the child

delinquent, as set forth in the statute, nor do they by their plain meaning import a criminal or improper act or motive. * * *"

■ Being thus advised by the authorities as to the requirements of indictments under statutes similar to our own, we turn to the indictment in the case at bar, and we will consider first what does not appear in the indictment. First, the age of the defendants does not appear. They may have been infants, or suffering from senile decay. They may have been brother and sister or strangers. They may have been clothed or unclothed. No act is charged except sleeping, if sleeping can be deemed an act. It does not appear whether the children were awake or asleep, or whether they knew of the presence of the two defendants, or whether they knew of the relationship, if any, of the defendants, to each other. Stripped of its legal phraseology, the indictment alleges only that two people who may be of opposite sexes by reason of the nature of their first names, slept in a bed in the presence of four children. In our opinion the so-called act charged could not be said to manifestly tend to cause the children to become delinquent. Under this indictment our New England forebears could have been convicted for performing the highly moral act of bundling, and we suppose there may have been instances in which poor people, living in congested slum areas, may have slept in the same bed and in the presence of children, innocently though unmarried.

A clear distinction should be made between the inferences which may be drawn from evidence, on the one hand, and the requirements of an indictment, on the other. Evidence that persons of the opposite sex were found sleeping together in bed might raise an inference

of illegal conduct, if the indictment properly charged a crime. But the indictment would not be sufficient if it merely stated facts from which inferences of criminality might be drawn by a jury.

The indictment in the pending case did not state facts sufficient to constitute a charge of crime and the judgment of conviction is reversed.