Argued June 15, modified and remanded August 10, 1960

## STATE OF OREGON *v.* CASSON

354 P. 2d 815

*Philip A. Levin* and *Robert L. McKee,* Portland, argued the cause for appellant. With them on the briefs were Pfeiffer & McKee, Portland.

*Julian Herndon, Jr.,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was Charles E. Raymond, District Attorney, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

GOODWIN, J.

The defendant appeals from a judgment of an indeterminate sentence upon the conviction of the crime of contributing to the delinquency of a minor.

Because the principal problems on this appeal arise out of the charging part of the indictment, it is set out in full:

"The said ROBERT R. CASSON, commencing in mid October, 1957 through December, 1957, a more exact description of the period of time being unknown to the Grand Jury in the County of Multnomah and State of Oregon, then and there being, did then and there wilfully, unlawfully and feloniously do and perform acts and follow a course of conduct which did manifestly then and there tend to cause one Jerry Robert Donahue to become a delinquent child, to-wit:

"(1) The said ROBERT R. CASSON did then and there furnish intoxicating liquor to the said Jerry Robert Donahue;

"(2) The said ROBERT R. CASSON did then and there manipulate the private parts of the said Jerry Robert Donahue;

"(3) The said ROBERT R. CASSON did then and there place his mouth upon the private parts of the said Jerry Robert Donahue;

"(4) The said ROBERT R. CASSON did then and there transport the said Jerry Robert Donahue to the residence and presence of one Sylvester Oliver Hodges, the said ROBERT R. CASSON then and there well knowing the said Sylvester Oliver Hodges to be a promiscuous homosexual and to have a sexual preference for adolescent boys,

"the said Jerry Robert Donahue then and there being a child under the age of eighteen years, * * * ."

The first specification of the indictment is here significant only with reference to the indeterminate sentence, which, under ORS 167.050, deprived the defendant of his liberty for a term "not exceeding the natural life of such person."

The jury was instructed that it could convict the defendant if the state proved beyond a reasonable

doubt that the defendant committed any one or more of the acts charged in the indictment. It thus becomes necessary to review the sentence as well as the other questions raised on this appeal.

The jury returned a general verdict of guilty. The trial judge could not say, and neither can this court, which, if not all, of the specifications of the indictment were satisfactorily proven to the jury. Accordingly, after submitting to the jury the several specifications in the indictment, some of which describe acts which could have been brought within the enhanced penalty provisions of ORS 137.116 and others of which could not,[1] the court could not impose a sentence in excess of the maximum provided by ORS 167.210, the statute which denounces the principal offense of contributing to the delinquency of a minor.[2]

[1] ORS 137.116. "(1) If any person is convicted of any crime other than those specified in ORS 137.112, and the judge of the court finds, or has reason to believe, that sexual stimulation was the motivating factor in the commission of the crime, the judge may order a psychiatric examination of the person before sentence, as provided in ORS 137.112 to 137.115. All costs connected with the examination, including the examination by the psychiatrist at the presentence hearing under ORS 137.114, shall be paid by the county in which such person was convicted.

"(2) After the presentence hearing and upon the consideration of the psychiatric report required by ORS 137.112 to 137.116, the court may, in its discretion, in lieu of any other sentence authorized by law, sentence any such person to an indeterminate term not exceeding the natural life of such person if:

"(a) The offense involved a child under the age of 16 years; and

"(b) The court finds that such person has a mental or emotional disturbance, deficiency or condition predisposing him to the commission of any crime punishable under ORS 163.210, 163.220, 163.270, 167.035, 167.040 or 167.045 to a degree rendering the person a menace to the health or safety of others."

[2] The trial court may have intended to impose sentence under ORS 167.050:

"Violation of ORS 163.210, 163.220, 163.270, 167.035, 167.040, 167.045, 167.145, 167.165 or 167.210, by any person who has previously been convicted of a violation of any one, or more than one, of those sections, is punishable, upon conviction, by imprisonment in the state penitentiary for an indeterminate term not exceeding the natural life of such person."

To come within the provisions of ORS 167.050, however, the indictment would have had to put the defendant on notice. State of Oregon v. Waterhouse, 209 Or 424, 307 P2d 327. ORS 168.040 provides a further remedy open to the state if the district attorney elects to proceed under the habitual criminal statute.

· The next two specifications in the indictment present no problem on this appeal.

■ The principal question presented in the trial court and in this court is the sufficiency of the fourth specification of the indictment. If this specification describes a crime under the statutes which in 1958 defined child delinquency, then the conviction must be affirmed. If it does not, then the conviction is fatally defective, and the cause must be returned to the grand jury for further consideration. *State of Oregon v. Lawrence,* 20 Or 236, 25 P 638.

The defendant bases his principal ground for reversal upon the claim that the fourth-quoted specification in the indictment irreparably damaged the defendant in the following particulars: First, it opened the door to a line of testimony which otherwise could not have been relevant, and second, it permitted the jury to find a verdict of guilty on proof of the doing of an act which, the defendant says, does not constitute a crime.

On the defendant's behalf, the record shows that the evidence opened up by the fourth count of the indictment was subjected to timely and continuing objection. It rehearsed at unedifying length the promiscuous and loathsome nature of Hodges' conduct in the past with other similarly afflicted persons, none of whom were before the court in any capacity except as witnesses to the behavior of the absent Hodges.

The applicable statutes at the time, since repealed, provided two definitions of "delinquent child." One was found in ORS 419.503, and the other, slightly broader, was found in ORS 419.502 (1). It reads:

" 'Delinquent child' includes any child under the age of 18 years who violates any law of this state or any city or village ordinance, or who is incor-

rigible, or who is a persistent truant from school, or who associates with criminals or reputed criminals, or vicious or immoral persons, or who is growing up in idleness or crime, or who frequents, visits, or is found in any disorderly house, bawdy house or house of ill fame, or any house where fornication is enacted, or in any saloon, barroom or drinking shop or place, or any place where spirituous liquors, or wine, or intoxicating or malt liquors are sold at retail, exchanged or given away, or who patronizes, frequents, visits or is found in any gaming house, or in any place where any gaming device is or shall be operated."

In the quoted section, it is said that a child is delinquent if he associates with vicious or immoral persons. The narrow question before this court is whether the act described in the words of the fourth specification in the indictment manifestly tends to cause the child to associate with vicious or immoral persons.

■ When the state elects to charge that a defendant contributed to the delinquency of a minor by the commission of separate and distinct acts laid under a *videlicet*, "to-wit:", each of the acts must be of such a character, standing alone, that if proven to the jury it would justify a verdict of guilty of the charge.

■ The trial judge must initially determine whether or not the acts described in the indictment are of such character as to indicate of themselves a tendency to cause delinquency. *State of Oregon v. Peebler et al*, 200 Or 321, 265 P2d 1081.

After the evidence is in, it becomes the jury's duty to determine finally whether the acts were in fact committed, and, if so, whether the acts in fact had a manifest tendency to cause delinquency.

■ But before any evidence can be received on a charge or a specification of a charge in a multiple-charge indictment, the court must first decide that each of the charges states a crime. The *State v. Hinckley*, 4 Gilfillan (Minn) 261, 271; 2 Bishop's New Criminal Procedure 881, § 1015 (2).

The indictment did not allege that the defendant introduced the child, or acted as a go-between or an agent of assignation with a pederast, or forced the child to associate with one; it merely alleges that he brought the child into the presence of such a person.

■■ The defendant contends that, where the described conduct admits of an innocent intepretation as well as of a criminal interpretation, the doubt must be resolved in favor of innocence. Where the two inferences equally may be drawn from the same words in the indictment, that is a correct statement of the law. *People v. McDougal*, 74 CalApp 666, 672, 241 P 598, 600; *People v. Roberts*, 40 Cal2d 483, 488, 254 P2d 501, 503-504. Cf. *State of Oregon v. Buck*, 200 Or 87, 103-104, 262 P2d 495. But the state urges in this case that no innocent purpose can be read into the act of taking the child to the home of Hodges by the defendant, who knew of Hodges' propensities. Even if two inferences are possible, they are not equal. *People v. McDougal*, supra at 672. The question was one for the jury. *People v. Roberts*, supra at 488.

■■ The legislature intended to denounce the type of conduct involved in this case. It is competent for the legislature to penalize adults who cause children to associate with immoral persons, and an indictment which charges that an adult did an act which has a manifest tendency to cause a child to associate with such a person alleges an act which a jury could find,

if proven, would have a manifest tendency to cause the child to become delinquent within the statutory definition. The present indictment may be imperfect, but the required allegation is inherent in the plain meaning of the words used.

In giving effect to the legislative intent to protect children against predatory adults, there is wisdom in the language of this court when it said in *State v. Stone,* 111 Or 227, 235, 226 P 430:

> "The arts of seduction are so variant and insidious, especially when applied to different individuals, that it is impossible as a matter of law to lay down any rule on the subject of what will or will not invariably tend to produce delinquency in all minors. An act which might lure one child into the paths of sin might prove repulsive and abhorrent to another, working out an exactly opposite effect."

The court held in *State v. Stone* that it is ordinarily a jury question whether the act described in the indictment would manifestly cause a child to become delinquent.

■ Under the indictment presently before the court and the instruction given, the jury could have found the defendant guilty solely because he took the child to the home of a man known by him to be a promiscuous homosexual. The evidence showed that there followed in fact a casual association. Although there was no evidence that the association had time to ripen into an unwholesome one, the evidence was sufficient to support the verdict.

In view of our holding that the indictment was sufficient, the result follows that the evidence in support of that portion of the indictment was competent.

■ The state has a heavy burden of proof in a criminal case, and we have said on numerous occasions it may prove its case to the hilt, even though the evidence is disagreeable. *State v. Jensen,* 209 Or 239, 280, 289 P2d 687, 296 P2d 618, and cases cited therein. But the state may not allege non-criminal acts in order to open the door to damaging evidence. The *State v. Hinckley,* supra; *Commonwealth v. Boston & Maine Railroad,* 133 Mass 383; 3 Wharton, Criminal Procedure (10th ed) 2140, § 1704; 2 Bishop's New Criminal Procedure 881, § 1015.

The remaining assignment of error challenges the propriety of a question which the attorney knows, or should know, may produce a prejudicial answer.

■ The defendant did not take the stand, and the state, knowing of his previous convictions, could assume that he would not. Unless he took the stand, of course, his previous convictions could not be used against him, as the district attorney well knew. Nevertheless, the district attorney, in cross-examination of an alibi witness, asked this question:

"You saw him between the 19th of January, 1956, and the 31st of August, 1957?"

Answer:

"I don't know, I think he was probably in jail then. I'm not too sure."

The defendant immediately moved for a mistrial on the ground that the state had deliberately led a witness into exposing the defendant's record. The motion was denied.

It was within the discretion of the trial judge whether or not to grant a mistrial at that point. The

trial court's discretion in the matter will not be over-turned on appeal unless there was a clear abuse of discretion. It is appropriate, however, to take note of the error. *State v. Rollo*, 221 Or 428, 351 P2d 422; *State v. Devlin*, 145 Wash 44, 258 P 826. But the error was not prejudicial in the instant case. The defendant had given the police an apparently voluntary statement which, when retailed to the jury as it was in the state's case, could have left no question in the minds of impartial jurors but that the defendant's character could not be blackened by a witness blurting out that he had been once in jail and nothing more.

The able trial judge conducted the trial on a dignified and impartial level throughout. He best knew whether the unfortunate remark by the witness could have introduced prejudice into the case. He was meticulous about his control of the trial and the preservation of the defendant's exceptions in the record. His remarks on the overruling of the motion for a mistrial indicated careful consideration of all the factors involved in the question. The same witness, who had been produced by the defendant to testify to an alibi, admitted that he himself had been convicted of crime. The trial judge was within his discretion in taking the view that no prejudice occurred.

■ As noted above, the conviction must be affirmed because the indictment stated a crime and no prejudicial error has been demonstrated. The jury had ample evidence upon which to find the defendant guilty of all the acts described in the indictment. But, as noted at the beginning of this opinion, it is impossible to tell which, if not all, of the acts described in the indictment underlie the jury's general verdict of guilty. Accordingly, the sentence must be reduced to a

term not to exceed the maximum allowed by ORS 167.210, subject to the enhanced penalty provisions of ORS 168.040 if the state elects so to proceed.

The defendant must be returned into court and resentenced. *Cannon v. Gladden,* 203 Or 629, 281 P2d 233.

The judgment is modified and remanded for resentencing.