144

On appellant's motion to remand, motion allowed; reversed and remanded directions October 17, 1969

## STATE OF OREGON, *Respondent, v.*
## PAT MASON, *Appellant.*
459 P2d 889

*Donald H. Joyce,* Portland, for the motion.

*Frank J. Coumont,* District Attorney, Astoria, contra.

Before SCHWAB, Chief Judge, and LANGTRY, FOLEY and BRANCHFIELD, Judges.

SCHWAB, C. J.

The defendant Mason was convicted of violating ORS 167.210 (contributing to the delinquency of a

minor) and appealed on grounds not now necessary to consider. After he filed his notice of appeal, the Supreme Court, in *State v. Hodges*, 254 Or 21, 457 P2d 491 (1969), handed down July 24, 1969, held ORS 167.210 unconstitutional "on its face." Relying upon *State v. Hodges*, supra, the defendant moves for an order remanding the cause to the trial court.

The state resists this motion upon the ground that the information charging Mason with "contributing to the delinquency of a minor" was so detailed as to the acts committed by Mason that it met the prerequisites for constitutionality set out in *State v. Casson,* 223 Or. 421, 354 P2d 815 (1960). *Casson* held that the catch-all phrase of the statute could be constitutionally applied only if the acts described in the indictment were of such character that the court could hold, as a matter of law, that such conduct would, if unchecked, produce delinquency in a victim.

The state construes *State v. Hodges,* supra, as approving rather than overruling the *Casson* doctrine. The contrary is true. *Hodges* discusses *State v. Casson,* supra, as an attempt to "save" ORS 167.210 then goes on to hold that it cannot be saved when considered in the specific context of the assertion that it is unconstitutional "on its face." The *Hodges* case holds that regardless of what a person is told after he is charged with crime, a law fails to meet the requirements of the due process clause:

> "* * * 'if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case. See, *e.g., Lanzetta v. New Jersey,* 306 U. S. 451; *Baggett v. Bullitt,* 377 U. S. 360 * * *.'

Giaccio v. Pennsylvania, 382 US 399, 86 S Ct 518, 15 L Ed 2d 447 (1966)." *State v. Hodges,* supra, at 25.

*Hodges* held that the pertinent language of ORS 167.210 does not meet this test. No matter how detailed the information in this case, it cannot support a conviction under an unconstitutional statute. This cause is remanded to the trial court with directions to discharge the defendant in this proceeding and for reference to the grand jury in the event that the prosecution deems it proper to proceed under another statute.

Motion allowed. Reversed and remanded with directions.