Argued October 4, affirmed October 17, 1962

# STATE OF OREGON *v.* PALMER

375 P. 2d 243

*Warren A. Woodruff,* Roseburg, argued the cause and filed a brief for appellant.

*Avery W. Thompson,* District Attorney, Roseburg, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Sloan, O'Connell, Lusk and Denecke, Justices.

SLOAN, J.

Defendant was convicted of the crime of contributing to the delinquency of a minor. He appeals because the trial court did not sustain a demurrer to the indictment and did not allow defendant's motion for a judgment of acquittal.

The allegations in the indictment and the provisions of the applicable statute need be set forth. The indictment charged:

"* * * The said Norman Palmer on the 6th day of August A.D. 1961, in the said County of Douglas and State of Oregon, then and there being, did then and there wilfully, unlawfully and feloniously by threats, commands and persuasion endeavor to induce one [John Doe], a male child under the age of 18 years, to-wit: of the age of eleven (11) years, to perform an act and follow a course of conduct which would cause the said [John Doe] to become a delinquent child, and which manifestly tended to cause the said [John Doe] to become a delinquent child, to-wit: the said defendant, Norman Palmer, did then and there by threats, commands and persuasion endeavor to induce the said child, [John Doe], to lie upon a bed with the said Norman Palmer and fondle his private parts, to-wit: by then and there saying to the said child, 'Would you like to go to bed and play with each other? There is nothing to be afraid of because no one is here.', or words to like effect, and at said time and place the defendant, Norman Palmer, kissed the said [John Doe] upon the mouth and

upon his breast, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon. * * *"

The statute read:

"When a child is a delinquent child as defined by any statute of this state, any person responsible for, or by any act encouraging, causing or contributing to the delinquency of such child, or any person who by threats, command or persuasion, endeavors to induce any child to perform any act or follow any course of conduct which would cause it to become a delinquent child, or any person who does any act which manifestly tends to cause any child to become a delinquent child, shall be punished upon conviction by a fine of not more than $1,000, or by imprisonment in the county jail for a period not exceeding one year, or both, or by imprisonment in the penitentiary for a period not exceeding five years." ORS 167.210.

Defendant has claimed "that the indictment attempts to charge the crime in two forms" and was thereby defective. We cannot agree.

■■ The statute specifies three general kinds of conduct any one or all of which will constitute the crime of contributing. The crime may be committed by: 1. Causing a child to have become an actual delinquent; 2. Persuading a child to perform any act or follow a course of conduct that would cause it to become delinquent; or 3. Doing an act which manifestly tends to cause a child to become a delinquent. A given act could fulfill all three requirements or it might touch only one. An indictment which alleged conduct which included all of the proscribed acts would not be subject to demurrer for that reason alone. It could be particularly true in cases involving sexual delinquency, as in this case, that the persuasion, inducements or acts of

the agressor could take on the caste of all three of the statutory requirements.

The indictment returned in this case was not artfully prepared and is not a model. But it described the alleged crime "* * * in such manner as to enable a person of common understanding to know what [was] intended and with such degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case; * * *." ORS 132.540 (f).

It is necessary to mention *State v. Casson,* 1960, 223 Or 421, 354 P2d 815. In Casson we were confronted with an indictment that specified four distinct acts under a *videlicet.* The acts were committed on various occasions during a period of about three months. In Casson we held that:

"When the state elects to charge that a defendant contributed to the delinquency of a minor by the commission of separate and distinct acts laid under a *videlicet,* 'to-wit:', each of the acts must be of such a character, standing alone, that if proven to the jury it would justify a verdict of guilty of the charge." 223 Or at page 427.

In the instant case, following the *videlicet,* the indictment charges a continuing course of conduct occurring on one distinct occasion all of which, it was charged, was done to induce the alleged victim to follow a course of conduct that would cause him to become delinquent. We think the language of the indictment does not compel that it be read as delineating separate, distinct acts, as in Casson, but rather, a simultaneous, continuous course of conduct aimed at inducing this young boy to participate in unlawful practices.

The instant case is more properly governed by cases

such as *State v. Laundy*, 1922, 103 Or 443, 204 P 958, 206 P 290, wherein it was said:

"It is a generally recognized rule of criminal pleading that when an offense against a criminal statute may be committed in one or more of several ways specified by the statute, the indictment may in a single count charge the commission of the offense in any or all of the ways specified by the statute; and when a statute mentions several acts disjunctively and prescribes that each act shall constitute the same offense and be subject to the same punishment, an indictment may charge any or all of such acts conjunctively, as a single offense. But the rule does not apply when repugnancy results from charging the acts conjunctively; nor does the rule apply where the acts are distinct and are performed at different times and do not constitute component parts of one transaction: * * * No one of the acts is necessarily repugnant to any of the others. The indictment does not expressly declare, nor does it even intimate that the several acts were done at different times; but, on the contrary, the indictment expressly avers that all of the acts were done at the same time and place." 103 Or at pages 466-467.

It was not error to sustain the indictment.

██ Defendant also claims that there was not sufficient evidence to sustain the conviction. The whole of the evidence presented conflicts in the testimony and inferences to be drawn from all of the evidence which required jury determination. In *State v. Stone*, 1924, 111 Or 227, 235, 236, 226 P 430, 433, Justice BURNETT gave careful admonition to judges that cases of this kind peculiarly present jury questions. His stated reasons have not been modified nor have they lost cogency. They are applicable to this case. What was said above about the whole of the conduct charged in

the indictment is applicable on this assignment as well. The jury could find that the evidence of all of defendant's conduct on the given afternoon, when it was alleged to have happened, was intended to induce the boy to participate in some act or acts of sexual perversion. The judgment must be affirmed.