Argued January 7, reversed and remanded March 18, petition for
rehearing denied April 22, 1964

# STATE OF OREGON *v.* ELY
390 P. 2d 348

George H. Proctor and *Joseph W. Hagler,* Klamath Falls, argued the cause for appellant. On the brief were Proctor & Puckett, Klamath Falls.

*J. R. Thomas,* Deputy District Attorney, Klamath Falls, argued the cause for respondent. With him on the brief were Dale Crabtree, District Attorney, and Sam A. McKeen, Deputy District Attorney, Klamath Falls.

Before McAllister, Chief Justice, and Rossman, Perry, Goodwin and Lusk, Justices.

GOODWIN, J.

Defendant was convicted of violating ORS 167.210 (contributing to the delinquency of a child) and appeals.

The first assignment of error challenges the sufficiency of the indictment, which reads in material part as follows:

"* * * The said JOHN W. ELY commencing on or about the month of January, 1962 through March 1962, a more exact description of the period of time being unknown to the Grand Jury, in the said County of Klamath and State of Oregon, then and there being, did then and there wilfully unlawfully and feloniously, do and perform acts and follow a course of conduct which did manifestly then and there tend to cause one * * * to become a delinquent child to-wit: 1. The said John W. Ely did then and there manipulate the private parts of the said * * *; 2. The said John W. Ely did

then and there cause the said * * * to manipulate the private parts of the said John W. Ely * * *."

■ The foregoing language is said to charge more than one crime. It does not. It charges one crime, the doing of acts which did manifestly tend to cause a child to become a delinquent, and it charges that crime by alleging specifically two distinct acts. *State v. Casson,* 223 Or 421, 354 P2d 815 (1960) holds that the state may in general statutory language charge the crime of contributing to the delinquency of a minor and may then lay under the videlicet (to-wit:) as many specific constituent acts as the grand jury thinks the evidence will prove. Each act, however, must be an act of the character denounced by the statute and each act so pleaded must be part of the same criminal episode (*State v. Palmer,* 232 Or 300, 375 P2d 243 (1962)) or scheme (*State v. Casson,* supra). The indictment was drawn in keeping with the foregoing rules and was not vulnerable to demurrer.

■ Another assignment of error challenges the receipt in evidence of a signed statement in which the defendant admitted in substance the acts charged in the indictment. We will treat the statement as a confession. The defendant gave the statement at a time when he was not in custody. The defendant was a school teacher. He gave the statement to his school principal, the local school superintendent, and the father of the boy. The state urges that since the confession was made when the defendant was not in custody, and was made to private citizens, there is no question about its admissibility. The state also argues that in any event the circumstances surrounding the taking of the confession established that the confession was volun-

tary despite certain ambiguous language used in obtaining it.

A correct interpretation of our own cases, as well as those decided in the federal courts, would require the exclusion of an involuntary confession, whether made to law enforcement officers or to other persons. *State v. Green,* 128 Or 49, 61-62, 273 P 381 (1929). The fundamental question is whether the confession is the product of the free exercise of the confessor's will. *State v. Shipley,* 232 Or 354, 362, 375 P2d 237 (1962), cert. den. 374 US 811, 83 S Ct 1701, 10 L Ed2d 1034 (1963). See, for a more recent exposition of the rule on involuntary confessions, *Lynumn v. Illinois,* 372 US 528, 83 S Ct 917, 9 L Ed2d 922 (1963).

■ In this state, confessions and admissions are initially deemed to be involuntary. Before either can be received in evidence, the state has the burden of showing that it was voluntarily made, without the inducement of either fear or hope. ORS 136.540; *State v. Rollo,* 221 Or 428, 432, 351 P2d 422 (1960); *State v. Nunn,* 212 Or 546, 552, 321 P2d 356 (1958).

The trial court, out of the presence of the jury, took the testimony bearing upon the defendant's confession. After it heard the relevant testimony and the arguments of counsel, the trial court ruled that the state had made a *prima facie* showing of voluntariness. The confession accordingly was received in evidence.

■ In the present case, the circumstances surrounding the confession were described only by the state's witnesses. Their testimony was not disputed. The defendant offered no evidence. We are, therefore, required to test the legal sufficiency of the state's evidence to determine whether, as a matter of law, the

state proved that the confession was *prima facie* a voluntary one.

The testimony revealed that prior to any conversation with the defendant the boy's father had reported to the school officials the boy's version of the acts described in the indictment. Shortly thereafter the boy's father, the school superintendent, and the principal of the school where the defendant was employed confronted the defendant. They asked him about the boy's charge. The defendant admitted to the group that the charges were "partly true." He was then asked to make a signed statement.

Both the school superintendent and the principal testified that they had warned the defendant that they could not guarantee that someone else might not prosecute him. They assured him only that they did not intend to prosecute. Both these officials also recalled that they had told the defendant that the statement could be used against him. The witnesses likewise recalled telling the defendant that the signing of the statement would mean the end of his teaching career in Oregon.

The state contends that the foregoing representations made to the defendant prove that his confession was voluntarily made. There was, however, more evidence that must be considered. We quote the following cross-examination of the school principal:

"* * * * *

"Q Isn't it a matter of fact—isn't it true that the impression was given if the statement was signed as far as you folks were concerned this would conclude the matter and everybody would go on their way and forget the whole thing?

"A This was the opinion of * * * [the boy's father] and I think possibly Dr. Robinson.

However, I can't speak for the school district—
I can't speak for the school board.

"\* \* \* \* \*

"Q I realize that, but as far as all the parties there were concerned they felt that the matter would be concluded I take it?

"A I might add another qualification to that. He was to get medical assistance and not teach.

"Q \* \* \* \* \*."

Taken as a whole, the evidence put on by the state tended to prove that the teacher, when confronted by charges that he had molested a child, agreed to sign a confession. However, he was told that, while the confession would be used to keep him from teaching again, his employers and the parent of the wronged child planned no criminal prosecution.

The defendant could have believed that if these three men would not prosecute him no one else was likely to do so. The state's own testimony, therefore, would support a finding that the confession was induced by an express or implied promise of immunity from prosecution. Such a confession, if so given, would be involuntary as a matter of law. *State v. Bodi,* 223 Or 486, 491, 354 P2d 831 (1960).

Ordinarily, where the testimony is in conflict, as where the police tell one story and the defendant tells another, a question is presented for the trier of fact. Here, however, the only testimony we have is that of the state's own witnesses. All agree what the conversation was. The witnesses admitted telling the defendant that they would not prosecute him. This assurance amounts to the offering of an inducement and weakens the effect of any warning that the confession could be used against him. The defendant reasonably

could have believed that the confession would be used against him only in matters concerning his employment. There were other misleading and ambiguous statements.

This is not, therefore, the type of case that invokes the general rule that where there is conflicting evidence, or where conflicting inferences can be drawn, the trial court's preliminary finding of voluntariness will not be disturbed on appeal unless there is clear and manifest error. *State v. Nunn,* supra at 554. On the contrary, this is a situation in which the party having the burden of proof has failed to show that the confession was, *prima facie,* a voluntary one. It was error to receive the confession in evidence.

Reversed and remanded.