CITY OF CLEVELAND HEIGHTS, APPELLANT, *v.* STROSS, APPELLEE.

(No. 45768—Decided August 15, 1983.)

*Mr. Warren R. Perl,* city prosecutor, for appellant.

*Mr. Anthony J. Russo,* for appellee.

PRYATEL, J. The lower court granted appellee's motion to suppress a written confession because the statement had not been made voluntarily. The city of Cleveland Heights appealed.

At approximately noon, defendant-appellee, Anthony Stross, who was nineteen years old and a stock clerk for Gold Circle in Cleveland Heights, was detained by security for questioning concerning the alleged theft of a radio. An alleged accomplice was also detained in a separate room. Appellee had been at work since 6:00 a.m. and was about to take a lunch break when security took him to an upstairs office, where he was held until approximately 5:00 p.m.

For the first two and one-half hours, appellee waited in the office with Ed Warzwik who was doing his paperwork and who was instructed to watch appellee. Jeff Melnick, a security guard, told appellee to "write down what happened." Appellee wrote a statement denying any involvement in or knowledge of the theft.

Appellee was scheduled to leave work at 3:00 p.m. when he planned to pick up his fiancee's grandmother at the airport. He requested permission to telephone his fiancee and was allowed to make one call, but he was unable to reach his fiancee. Appellee was then forbidden to make any more telephone calls. Appellee's sister, who also worked at Gold Circle, was not informed as to what was going on; however, she learned that her brother was being detained and called his fiancee.

Appellee asked Warzwik why there was such a long wait. Warzwik replied that he did not know. At about 2:30 p.m., Tim Leslie, the head of security for that store, entered the office, read the statement written by appellee, and left. Leslie returned around 3:00 p.m., and, in response to appellee's inquiry as to what was happening, he informed appellee that they were waiting for the security supervisors, Mr. Ancil of the Akron store and for Mr. Downey of the Canton store.

Ancil and Downey arrived between 4:00 p.m. and 4:30 p.m. and asked Warzwik to leave the office. Ancil read the statement written by appellee, wadded it up, threw it away and told appellee that he didn't believe it. Ancil then advised appellee that it would be to his (appellee's) benefit to be truthful, and that he (Ancil) and Downey already had enough evidence to call the police. Ancil waved papers, purported to be statements by witnesses implicating appellee, in front of him. He then implied that unless appellee made a "true" statement the police would be called. Ancil then left the room, and Downey told appellee that he should have cooperated and that he would now get into deeper trouble. Appellee asked if it was too late, and if the police had been called yet. He was told he had made the right decision. Ancil returned and prepared a written statement, which said that appellee had assisted in trying to steal a radio. He also signed a statement, again prepared by Ancil, implicating himself (appellee) in other thefts. Appellee was arrested.

These statements were signed after appellee had been detained for five hours. Appellee had not eaten since the previous

evening. Nor was he given anything to eat or drink. He was not allowed to leave the room or phone anyone after the one call he tried to make at 2:30 p.m.

After hearing the evidence and evaluating the witnesses, the trial court sustained the motion to suppress. The city of Cleveland Heights appealed, assigning a single error:

"I. The trial court's judgment sustaining appellee's motion to suppress statements because [they were allegedly] obtained involuntarily was clearly erroneous."

Appellant argues that the statements were voluntarily made by appellee. The city must prove by a preponderance of the evidence that the statements were voluntary. *Lego* v. *Twomey* (1972), 404 U.S. 477.

In determining whether a confession was made voluntarily, the court is to consider the totality of the circumstances surrounding the confession. *State* v. *Barker* (1978), 53 Ohio St. 2d 135 [7 O.O.3d 213], certiorari denied (1978), 439 U.S. 913. Physical mistreatment is not the only circumstance to be considered; the length of detention as well as isolation from family and counsel are also factors. *Reck* v. *Pate* (1961), 367 U.S. 433, at 441-444. Refusing to allow the accused to make telephone calls to family or counsel is a factor to be considered. *Haynes* v. *Washington* (1963), 373 U.S 503, at 513-514. The court must also consider the age of the accused, *Haley* v. *Ohio* (1948), 332 U.S. 596, as well as the psychological impact of any coercive influences on the accused's ability to make a free choice. *State* v. *Cowans* (1967), 10 Ohio St. 2d 96, at 101 [39 O.O.2d 97]. Other circumstances to be considered include the prior criminal experience of the accused, the existence of physical deprivation, and the existence of threat or inducement. *State* v. *Edwards* (1976), 49 Ohio St. 2d 31, at 40-41 [3 O.O.3d 18].

There was sufficient evidence in the record to support the trial court's ruling that the confession drawn by representatives of the employer was not voluntary. Appellee was detained in a small office for five hours, without food, drink, use of the restroom, or contact with family or counsel. At the time of his confession, appellee had not eaten for nearly twenty-four hours. He was not informed as to why he was being detained for such a length of time until he had been waiting for two and one-half hours, only to learn that they were awaiting supervisors who were coming from out of town. Appellee was only nineteen years old and had no criminal record. Although his sister worked in an office near the one appellee was restricted to, she was not allowed to see him. Appellee was induced to believe that if he confessed he would only lose his job but, if he did not confess, he would be arrested and would serve time in jail. Furthermore, the conduct by the representatives of appellee's employer was not in line with the requirements of R.C. 2935.041, which provides in pertinent part as follows:

"(A) A merchant, or his employee or agent, who has probable cause to believe that items offered for sale by a mercantile establishment have been unlawfully taken by a person, may, for the purposes set forth in division (C) of this section, detain the person in a reasonable manner for a reasonable length of time within the mercantile establishment or its immediate vicinity.

"* * *

"(C) An officer, agent, or employee of a library, museum, or archival institution pursuant to division (B) of this section or a merchant or his employee or agent pursuant to division (A) of this section may detain another person for any of the following purposes:

"(1) To recover the property that is the subject of the unlawful taking, criminal mischief, or theft;

"(2) To cause an arrest to be made by a peace officer;

"(3) To obtain a warrant of arrest."

In our judgment, appellee was not detained in a reasonable manner or for a reasonable length of time.

Nor will we substitute our judgment for that of the trial judge, who saw and heard the witnesses and concluded that the statements were involuntary. The motion to suppress the confession as involuntary was properly granted. The decision of the trial court is affirmed.

*Judgment affirmed.*

ANN McMANAMON, J., concurs.

PARRINO, P.J., dissents.

PARRINO, P.J., dissenting. This appeal is brought by the city of Cleveland Heights, pursuant to Crim. R. 12(J), from the judgment of the Cleveland Heights Municipal Court granting defendant-appellee Anthony Stross' motion to suppress.

Appellee was arrested by Cleveland Heights police late in the afternoon of May 28, 1982 at the Gold Circle store on Mayfield Road in Cleveland Heights. Appellee was employed by the store as a stock clerk on that date and had been detained by store officials on suspicion of shoplifting for approximately five hours prior to his arrest.

During his detention by store officials appellee signed three confessions; on his motion to suppress he claimed the confessions were involuntary and should therefore be suppressed. At no time has appellee alleged that police officers were present or participating in the detention which led to his signing the confessions.

The testimony at the hearing on the motion revealed that at approximately noon on May 28, appellee pushed some store carts to the front of the store. Appellee testified that he was getting ready for lunch and pushed the carts outside as part of his duty to keep the stockroom area and floor clear of carts. He was stopped by Jeff Melnick, a security guard

for the store, and taken to a manager's office. Melnick testified that he saw appellee and another young man place a radio in one of the carts which appellee had pushed outside. Melnick took the other young man to the store's Loss Prevention Office.

The office to which appellee was taken was a typical store office, approximately twelve feet by twelve feet with a large window overlooking the store. Appellee had been in the office before and knew Ed Warzwik, the store's operations' manager, who stayed in the office with appellee while they waited for Pat Ancil, the manager of internal investigations for Gold Circle, to arrive.

Appellee consistently denied any involvement with the radio found in the cart until approximately 4:45 p.m. when he signed the statements prepared by Gold Circle security personnel. His original written statement, denying all involvement, was destroyed by Ancil during his interrogation of appellee.

The judgment entry of the trial court states:

"Under facts as found by the Court and the collective circumstances so determined it is the holding of the Court that the confessions in Exhibits 2, 3, and 4 were not freely and voluntarily made and therefore the Motion to Suppress them is sustained."

The city filed a timely notice of appeal and assigns one error:

"I. The trial court's judgment sustaining appellee's motion to suppress statements because [they were allegedly] obtained involuntarily was clearly erroneous."

In my opinion this assignment of error should be well-taken.

The statements sought to be suppressed were given to private security officials, not to police officers. The voluntariness requirement for confessions still applies, however, as the use of involuntary confessions is a violation of due process. See *Hunter* v. *People* (Colo. 1982),

655 P.2d 374; *McElroy* v. *State* (Miss. 1967), 204 So.2d 463; *State* v. *Ely* (1964), 237 Ore. 329, 390 P.2d 348. See, also, *State* v. *Chase* (1978), 55 Ohio St. 2d 237, 246 [9 O.O.3d 180].

Appellee was not given *Miranda* warnings (*Miranda* v. *Arizona* [1966], 384 U.S. 436) when detained by Gold Circle personnel. This factor alone, however, does not render the confessions inadmissible as store security personnel are not "law enforcement officials" within the purview of *Miranda. State* v. *Bolan* (1971), 27 Ohio St. 2d 15 [56 O.O.2d 8]. It is, therefore, necessary to determine whether, under the totality of the circumstances, appellee's statements were voluntarily made. *State* v. *Edwards* (1976), 49 Ohio St.2d 31 [3 O.O.3d 18].

On a motion to suppress a statement on the basis that the statement was involuntary, the state must prove by a preponderance of the evidence that the statement was voluntary. *Lego* v. *Twomey* (1972), 404 U.S. 477; *State* v. *Potts* (Jan. 15, 1976), Cuyahoga App. No. 34466, unreported. The circumstances to be considered are set forth in the second paragraph of the syllabus of *State* v. *Edwards, supra:*

"In deciding whether a defendant's confession is involuntarily induced, the court should consider the totality of the circumstances, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." Accord *State* v. *Barker* (1978), 53 Ohio St. 2d 135 [7 O.O.3d 213], certiorari denied (1978), 439 U.S. 913; *State* v. *Donikowski* (Apr. 17, 1980), Cuyahoga App. No. 41263, unreported.

Upon a careful review of the record I conclude that the evidence presented to the trial court was sufficient to meet the state's burden of showing voluntariness. Appellee was nineteen years old, of average intelligence, was detained in familiar circumstances by individuals known to him, was interrogated infrequently during the five-hour detention, was not physically mistreated, and the only inducement to his confession was the possible *implication* that the store would not prosecute if a confession were obtained. Under the totality of these circumstances, I conclude that voluntariness was shown.

Having met the burden of showing by a preponderance of the evidence that appellee's statements were voluntary, the city is entitled to present the statements at trial on the merits. The weight to be given to such statements lies with the trier of fact.

Where probable cause exists that items offered for sale have been unlawfully taken, a merchant acting under the authority of R.C. 2935.041 may, for the purposes set forth in division (C) of that section, detain that person for a reasonable length of time within the institution. The purpose of this statute is to protect against the growing problem of thefts within commercial institutions. Probable cause for appellee's detention in the case *sub judice* was clearly established. Under the facts in this case I do not find that the length of the detention was unreasonable.

I would reverse and remand this cause to the trial court for further proceedings.

Accordingly, I respectfully dissent.