Argued and submitted November 20, 1986, reversed and remanded January 28, 1987

# STATE OF OREGON,
*Appellant,*

*v.*

# RANDY OLSON,
*Respondent.*

(CR5-1106-20; CA A40159)

731 P2d 1072

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Thomas J. Crabtree, Bend, argued the cause for respondent. With him on the brief was Crabtree & Rahmsdorff, Bend.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

The sole issue in this case is whether a defendant who is in full custody has a right under Article I, section 12, of the Oregon Constitution, to be given, not only the warnings required by *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed2d 694 (1966), but also to be advised that he may terminate questioning at any time.

In *State v. Sparklin,* 296 Or 85, 672 P2d 1182 (1983), the Supreme Court held that the Oregon Constitution does not require warnings beyond those required by *Miranda* and held that, "as long as the text of the federal *Miranda* warnings remains the law, we think that the convenience of a single text exceeds any gain from improving that text." 296 Or at 89. The court's statement that it requires the police "to inform a detained person that he may terminate questioning at any time" is *dictum* and is not the law of this state. *See State v. Smith,* 301 Or 681, 696 n 10, 725 P2d 894 (1986). Because the trial court suppressed defendant's statements, made after he was advised of his rights in compliance with *Miranda,* we reverse and remand for trial.

Reversed and remanded.