**Theodore SMITH, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2953.**

Court of Appeals of Alaska.

Feb. 23, 1990.

John M. Holmes, Asst. Public Defender, Barrow and John B. Salemi, Public Defender, Anchorage, for appellant.

Kevin Fitzgerald, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

A jury convicted Theodore Smith of driving while license revoked (DWLR), AS 28.-15.291(a) and reckless driving, AS 28.35.-040. Smith appeals the denial of his motion to suppress in which he alleged he gave an involuntary confession, was illegally arrested, and did not receive *Miranda* warnings.

At the evidentiary hearing on the motion to suppress, Trooper Gregory Chilcote testified that during the early morning hours of May 2, 1988, he was dispatched to the scene of a single-car accident at Mile 11.5 of the Glenn Highway. Upon arriving at the scene, Chilcote observed a Honda Civic which had left the northbound lane of the highway and come to rest in a group of trees; the driver was not present. The trooper ran a computer check on the car and learned that its owner was Theodore Smith.

Anchorage Police Officer Lawrence T. Pippin testified that he and two other officers were dispatched to Smith's home in Eagle River. They arrived around 5:30 a.m., and Smith's wife answered the door. Pippin testified he requested Smith's wife to awaken her husband; Smith's wife claimed that the officers ordered her to awaken Smith. When questioned, Smith told the officers that he had not been driving when the accident occurred. He said that earlier in the evening he loaned his car to his brother-in-law. Pippin testified that he offered Smith a ride to the accident scene so he could "take care of his car," and Smith agreed to accompany him. Smith and his wife claimed that Pippin ordered Smith to accompany him.

At the accident scene, Smith was directed to Officer Chilcote's patrol car. Chilcote questioned Smith about the accident, and Smith again denied that he had been driving. Chilcote then informed Smith that he was suspected of being the driver because it was obvious he had been drinking. Chilcote also pointed out that a bump on Smith's forehead was consistent with a crack in the car's windshield and that a boot print at the scene appeared to match

his boots. Chilcote assured Smith, however, that he was "not interested in prosecuting anyone for drunk driving;" he only wanted to find out who had been driving. According to Chilcote, Smith immediately appeared to relax and admitted he had been driving his car when it went off the road.

■ Smith contends that his confession must be deemed involuntary. In determining the voluntariness of a confession, this court must conduct an independent review of the record and consider the totality of the circumstances surrounding the confession. A confession is involuntary when "an examination of all the circumstances discloses that the conduct of law enforcement was such as to overbear [the defendant's] will to resist and bring about confessions not freely self determined." *Thompson v. State*, 768 P.2d 127, 131 (Alaska App.1989) (quoting *United States v. Ferrara*, 377 F.2d 16, 17 (2d Cir.1967)). It is well settled that a confession is improperly induced if it is made in response to a promise of immunity from prosecution. *Bram v. United States*, 168 U.S. 532, 542, 18 S.Ct. 183, 186, 42 L.Ed. 568 (1897) (confession is involuntary when "obtained by any direct or implied promises, however slight"); *State v. Ely*, 237 Or. 329, 390 P.2d 348, 350–51 (1964) (confession held involuntary when school authorities assured defendant they did not intend to prosecute him for sexual abuse of a student); 1 W. La-Fave & J. Israel, *Criminal Procedure* § 6.2, at 446 (1984); 4 C. Torcia, *Wharton's Criminal Evidence* § 638, at 152 (14th ed. 1987).

■ Here, Smith found himself in a situation which, although arguably not actually custodial, was at least quasi-custodial. When confronted by the police in this setting, his initial response was to completely deny involvement. The police thereafter expressly assured Smith that they were seeking information for limited purposes and had no interest in pursuing a charge of DWI against him. Smith's confession followed directly on the heels of this assurance. Under the circumstances, we hold that Smith's confession was plainly induced by the promise of leniency and must consequently be deemed involuntary.

The conviction is REVERSED.[1]

---

1. Having reversed on this ground, we find it unnecessary to decide Smith's other claims.