Argued and submitted August 1, 1994, reversed and remanded in part; otherwise
affirmed March 8, 1995

# STATE OF OREGON,
*Appellant,*

*v.*

# CHARLES R. AGUILAR,
*Respondent.*

## (C93-06-33836; CA A81213)

891 P2d 668

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant was charged with two counts of robbery in the first degree with a firearm, ORS 164.415, unauthorized use of a motor vehicle (UUMV), ORS 164.135, and attempted burglary in the first degree, ORS 164.225. The state seeks reversal of a pretrial order suppressing defendant's confessions and dismissing the first three counts. We reverse in part.

Defendant was arrested during the course of and confessed to an attempted burglary. The investigating officer then questioned defendant about two unrelated robberies. In an effort to give defendant the impression that the officer had sufficient information to charge him with the two robberies, the officer falsely told defendant that his fingerprints had been found on an item and that an accomplice had implicated him in the crimes. Initially, defendant denied any involvement in the robberies. Then, the officer testified, he told defendant, "Now, we're talking two separate robbery cases. Let's clear those up, I'm only going to book you on one robbery charge." On redirect examination, the officer testified that his questioning of defendant went "something like" this:

> "There's no, you know, there's no need—I don't want to hammer you. You're cooperative, let's get this cleared up. I'll only book you on one count of robbery tonight, and let's get this over with."

On recross-examination, defense counsel asked the officer what he meant when he told defendant, "I don't want to hammer you." The officer testified:

> "Meaning he had been cooperative, you know, I'm not going to charge you with every little charge or every charge I can think of, spitting on the sidewalk or whatever. I didn't tell him that, but indicating that, you know, no reason for me to charge you to the hilt, 'I'll charge you with one robbery. Let's get them cleared up and be done with it.' "

In response to the court's questions for clarification, the officer testified:

> "* * * I told him he should tell me the truth, that, you know, he was cooperative, I'm not going to charge him with everything, but one count of robbery, you know, 'Only charge you with one count, tell me the truth.' "

Defendant then made his confessions to both robberies and the UUMV. The trial court suppressed each of the confessions, ruling as a matter of law that the confessions were involuntary, having been made in response to an offer of immunity.

In Oregon, a confession is initially presumed to be involuntary. *State v. Pollard*, 132 Or App 538, 888 P2d 1054 (1995). Before it can be received into evidence, the state must show that it was voluntarily given, that is, made without inducement through fear or promises, direct or implied. The test for the voluntariness of a confession is whether, under the totality of the circumstances, it was the product of an essentially free and unconstrained choice, the defendant's will was not overborne and his capacity for self-determination was not critically impaired. In reviewing the voluntariness of a defendant's statements, we are bound by the trial court's findings of historical fact if the evidence supports them, but we decide the ultimate legal question of voluntariness anew. *State v. Pollard, supra.*

It is generally said that a confession induced by an express or implied promise of immunity is involuntary and inadmissible, *as a matter of law*, under the Oregon Constitution, Article I, section 12. *State v. Ely*, 237 Or 329, 332, 390 P2d 348 (1964). When a confession to a crime is obtained as the result of an offer of immunity as to that crime, there is no further factual inquiry as to whether the confession was voluntarily made; the legal assumption is that the defendant's will was overborne. As a matter of law, the confession is held to be involuntary.

The state concedes that we are bound by the trial court's findings that when defendant confessed to each of the charged crimes, he relied on his subjective belief that the officer had made him an offer of immunity as to all but one robbery. It contends, however, that apart from defendant's subjective belief, defendant's statements are not rendered involuntary unless there was, in fact, an offer of immunity and defendant's reliance on the offer was objectively reasonable.

We have stated the test somewhat differently. If a person in the defendant's circumstances reasonably would have

believed that the officer was promising immunity and reasonably would have relied on that promise in making the confession, then the confession is considered to have been induced by the promise of immunity and *as a matter of law* is involuntary and must be suppressed. *State v. Capwell*, 64 Or App 710, 715, 669 P2d 808 (1983); *see State v. Pollard, supra*. The first question here is whether a person in defendant's position would reasonably have believed that the officer had promised that if he confessed to all the crimes, he would only be charged with one robbery.

In this close case, having considered the evidence, especially the officer's own testimony as to what he intended to convey to defendant, we conclude that a reasonable person in defendant's circumstances would have believed that the officer was offering immunity as to the second robbery and the UUMV if defendant confessed to all the crimes. The evidence supports the trial court's finding that, in confessing to the two robberies and UUMV, defendant in fact relied on the promise made by the officer. Accordingly, we conclude that defendant's confessions to the two crimes for which he was offered immunity, the second robbery and the UUMV, were involuntary as a matter of law and that their use in a criminal prosecution is prohibited by the Oregon Constitution, Article I, section 12, as well as by ORS 136.425(1). The trial court did not err in suppressing defendant's confessions to the second robbery and the UUMV or in dismissing the charged crimes, successful prosecution of which depended on the involuntary confessions.

■ The analysis is somewhat different with respect to the first robbery, for which there had been no offer of immunity. The state's contention is, in essence, that defendant's receipt of an offer of immunity with respect to the second robbery and UUMV has no bearing on the voluntariness of defendant's confession to the first robbery. The flaw in the state's reasoning is that the trial court found that the confessions to *all* the crimes were given in response to an offer of immunity; therefore *all* the confessions were affected by the offer of immunity and the offer of immunity is relevant to the question of the voluntariness of all the confessions.

Contrary to the trial court's apparent conclusion, however, we hold that the promise of immunity with respect to the second robbery and UUMV does not render the confession to

the first robbery involuntary *as a matter of law*. In every case that we have found, the confession that is rendered involuntary as a matter of law by virtue of an offer of immunity is the one that relates to the crime for which the offer of immunity is made. It is assumed that when a person confesses in response to a promise that the person will not be charged with the crime for which the confession is made, the person's confession is not the product of an essentially free and unconstrained choice. *See State v. Pollard, supra,* and the cases cited therein.

Our research reveals no case in which it has been held that a confession elicited as a result of an offer of immunity *with respect to other crimes* is involuntary *as a matter of law*. In that context, we hold that the court must conduct a factual inquiry as to the voluntariness of the confession, as with any other confession. The fact that the promise of immunity was made in exchange for defendant's confessions to *all* the crimes is certainly relevant to the voluntariness of the confession to the first robbery, but it is not in itself determinative.

Here, the court assumed that its finding that defendant had relied on the promise of immunity in giving his confessions was determinative, rendering all the confessions involuntary as a matter of law. It did not make a separate inquiry as to the voluntariness of the confession to the robbery for which no offer of immunity had been made. Because we conclude that the offer of immunity with respect to the second robbery and the UUMV did not, as a matter of law, render involuntary defendant's confession to the robbery for which no offer of immunity had been made, we remand for the trial court to consider, as a factual matter, the voluntariness of defendant's confession to the first robbery.

Judgment dismissing first count of robbery in the first degree reversed and remanded for finding as to voluntariness of confession; otherwise affirmed.