{¶ 1} Defendant-appellant, Marlania Coleman, appeals from a decision of the Mahoning County Court of Common Pleas denying her motion to suppress after pleading no contest to a charge of theft, a fifth degree felony.
 {¶ 2} Appellant was a cashier at Ames Department Store in Boardman, Ohio. On December 19, 2000, appellant was working at her cash register when a manager requested that she close down her register. George Stickle, the operations manager, testified that he saw appellant allow a customer to go through her register line without paying for a rug and a remote control car. Appellant was asked to go to the store office. Stickle and Trina Coss, an assistant manager, accompanied her. Stickle told appellant that he believed she had allowed approximately $3,000.00 worth of merchandise to leave the store unpaid for over the past month. Appellant confessed. Anthony Jesko, a loss prevention employee, then prepared a statement for appellant to sign that listed many items and their values, which appellant admitted she allowed to pass through her register unpaid for over the past month. It took awhile to compile the list because an employee had to go to the sales floor to locate the items in order to obtain their prices. The entire process took approximately three hours. After obtaining appellant's signed statement, Jesko called the Boardman police. An officer arrived and arrested appellant.
 {¶ 3} On May 3, 2001, a Mahoning County Grand Jury indicted appellant on one count of theft in violation of R.C. 2913.02(A)(1)(B)(1)(2). Appellant filed a motion to suppress her written and oral statements alleging an illegal search and seizure. She subsequently entered a not guilty plea. Appellant later amended her motion to suppress adding that the interrogation was illegal and contrary to Ohio law. The court held a suppression hearing where it heard evidence from several witnesses. The court denied appellant's motion in its June 25, 2001 judgment entry.
 {¶ 4} On November 20, 2001, appellant withdrew her not guilty plea and entered a no contest plea. The court entered a finding of guilt. On January 30, 2002, the court sentenced appellant to three years of community control to be monitored by the Adult Parole Authority and ordered appellant to pay restitution to Ames in the amount of $2,940.41.
 {¶ 5} Appellant did not file her notice of appeal until March 27, 2002, almost a month after the 30-day time limit within which to file an appeal expired. In a September 6, 2002 journal entry, this court granted appellant a delayed appeal because her appointed counsel was not timely notified of the appointment order.
 {¶ 6} Appellant raises one assignment of error, which states:
 {¶ 7} "The Trial Court Erred When It Did Not Suppress The Statement Of A Store Employee (Defendant Cashier) When The Totality Of The Circumstances Surrounding The Statement Included: The Defendant Being Detained For An Unreasonable Length Of Time; During Detention Of Defendant She Was Threatened With Prison, Promised Leniency, Isolated From Counsel And Family, Interrogated And A Written Statement Drafted By The Interrogator, Another Store Employee, Was Presented For Her Signature."
 {¶ 8} Appellant argues that the Ames employees failed to comply with R.C. 2935.041, which allows merchants to detain employees suspected of theft in order to recover the property, cause an arrest, or obtain an arrest warrant. Appellant states that while the Ames employees detained her for three and a half hours, she was interrogated, threatened, promised leniency, and told to sign a statement. She also alleges she was not permitted to leave or make a phone call. Appellant also contends that her case is nearly identical to that of Cleveland Heights v. Stross
(1983), 10 Ohio App.3d 246. She urges us to follow the decision inStross.
 {¶ 9} Our standard of review with respect to a motion to suppress is limited to determining whether the trial court's findings are supported by competent, credible evidence. State v. Winand (1996),116 Ohio App.3d 286, 288, citing Tallmadge v. McCoy (1994),96 Ohio App.3d 604, 608. Such a standard of review is appropriate as, "[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v.Venham (1994), 96 Ohio App.3d 649, 653. An appellate court accepts the trial court's factual findings and relies upon the trial court's ability to assess the witness' credibility, but independently determines, without deference to the trial court, whether the trial court applied the appropriate legal standard. State v. Rice (1998), 129 Ohio App.3d 91, 94. A trial court's decision on a motion to suppress will not be disturbed when it is supported by substantial credible evidence. Id.
 {¶ 10} The trial court found that before her arrest, Stickle, Jesko, Miss Coss, and Rick Lewis talked to appellant about the theft. It found that appellant confessed and Jesko then filled out a voluntary confession statement reciting appellant's oral confession. Appellant read and signed the confession. Stickle, Jesko, and Miss Coss testified appellant voluntarily confessed. Appellant testified she stole and/or aided in stealing merchandise from Ames and she signed the confession voluntarily.
 {¶ 11} The evidence supports the trial court's findings. Appellant testified she let some items pass through her line without charging for them. (Tr. 81-81). She also testified that she signed the confession and made a list of items, many of which she allowed to pass through her line unpaid for. (Tr. 80, 84). Jesko testified that he filled out a voluntary confession statement for appellant reciting what she told him. (Tr. 14-15). Stickle, Jesko, and Miss Coss testified they were present when appellant gave her statement. (Tr. 7, 14-15, 37).
 {¶ 12} Since the evidence supports the trial court's findings, we must next determine whether the trial court applied the appropriate legal standard. The state must prove by a preponderance of the evidence that the accused made a confession voluntarily. State v. Noggle (2000),140 Ohio App.3d 733, 744, citing State v. Gumm (1995), 73 Ohio St.3d 413,429. In determining the voluntariness of a confession, we must examine the totality of the circumstances surrounding the confession. State v.Green (Ohio 2000), 90 Ohio St.3d 352, 366. These circumstances include: the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement. Id. Other factors include refusing to allow the accused to make telephone calls to family and counsel and the psychological impact of any coercive influences on the accused's ability to make a free choice. Stross, 10 Ohio App.3d at 248, citing Haynes v. Washington
(1963), 373 U.S. 503, 513-514, and State v. Cowans (1976),10 Ohio St.2d 96, 101.
 {¶ 13} Appellant argues that her case is nearly identical toStross, 10 Ohio App.3d 246. In Stross, the Eighth District Court of Appeals affirmed a trial court's decision sustaining a motion to suppress the defendant-employee's written confession admitting to attempting to steal a radio and other thefts. The court pointed to the following factors to support its conclusion. The defendant was detained in a small office for five hours without food, drink, use of the restroom, or contact with family or counsel. The defendant had not eaten for 24 hours. The store personnel did not inform the defendant as to why they were detaining him until two and a half hours had passed. The defendant was 19 years old with no prior criminal record. Although the defendant's sister worked in an office near the one in which he was detained, she was not permitted to see him. The defendant was induced to believe that if he confessed, he would only lose his job but, if he failed to confess, he would be arrested and serve jail time. Additionally, the store employees did not detain the defendant in a reasonable manner for a reasonable length.
 {¶ 14} Appellant is incorrect in stating her case is nearly identical to Stross. In the present case, appellant remained in the office for approximately three hours, not five hours. Additionally, she was informed within 15 minutes of entering the office why she was there. (Tr. 79). No evidence exists as to whether anyone offered or refused appellant food, drink, or restroom use. Nor does the evidence indicate that appellant had gone a long time since she last ate. Appellant and Stickle both testified that Stickle did not advise her she could leave or make a phone call. (Tr. 54, 79-80). However, no evidence was presented that appellant asked to leave or use the phone and was denied. Appellant was 22 years old at the time of this offense. No evidence was presented as whether she had a criminal record. Finally, the Ames employees did not induce appellant to confess by stating she would only lose her job if she did so. In fact, appellant testified Stickle told her that if she explained everything, it would be easier on her during prosecution. (Tr. 86-87). Thus, Stickle told her she was going to be prosecuted even if she did explain the alleged theft. Based on these factors, appellant's situation is distinguishable from the defendant's situation in Stross.
 {¶ 15} Appellant also argues that the court should have suppressed her confessions because the Ames employees failed to comply with R.C.2935.041(A)(C). R.C. 2935.04, the shopkeeper's privilege statute, provides in pertinent part:
 {¶ 16} "(A) A merchant, or his employee or agent, who has probable cause to believe that items offered for sale by a mercantile establishment have been unlawfully taken by a person, may, for the purposes set forth in division (C) of this section, detain the person in a reasonable manner for a reasonable length of time within the mercantile establishment or its immediate vicinity.
 {¶ 17} "* * *
 {¶ 18} "(C) * * * a merchant or his employee or agent pursuant to division (A) of
 {¶ 19} this section may detain another person for any of the following purposes:
 {¶ 20} "(1) To recover the property that is the subject of the unlawful taking, criminal mischief, or theft;
 {¶ 21} "(2) To cause an arrest to be made by a peace officer;
 {¶ 22} "(3) To obtain a warrant of arrest."
 {¶ 23} Appellant does not contest the fact that Stickle had probable cause to believe she helped customers steal merchandise from Ames. She contends that the Ames employees did not detain her for a reasonable length of time or in a reasonable manner.
 {¶ 24} In examining the circumstances surrounding appellant's detention, the employees acted reasonably in detaining appellant to cause an arrest to be made. As discussed above, there is no indication that the Ames employees detained appellant in an unreasonable manner. Furthermore, although three hours may seem like a long time for appellant to remain in the office, the circumstances are reasonable. Appellant testified that Miss Coss told her to shut down her register at approximately 12:30 p.m. (Tr. 77). She then replaced some items on their shelves. (Tr. 78). After she replaced the items, she was told to go to the office. (Tr. 78). Appellant may have waited in the office for 15 minutes before Stickle questioned her. (Tr. 78). Stickle then questioned appellant. He testified that she verbally confessed. (Tr. 7). After she verbally confessed, Jesko entered the office. (Tr. 56). Jesko then questioned appellant about the stolen merchandise. (Tr. 62). He testified that appellant identified the items she helped to steal. (Tr. 64). He stated after she identified the items, someone retrieved the items from the sales floor so that they could record the prices from the items. (Tr. 65-66). Jesko stated that this process took a couple of hours. (Tr. 66). A Boardman Police dispatcher testified that she received a call from Ames reporting employee theft at 3:17 p.m. (Tr. 33). Officer Brian Cionni testified he arrived at Ames at 3:26 p.m. and arrested appellant. (Tr. 27-28).
 {¶ 25} Appellant's statement revealed she helped to steal in excess of 40 different items. Thus, it is reasonable that it would take an employee a while to find the items on the sales floor and bring them back to appellant to identify. Soon after that task was completed, the employees notified the Boardman Police. This timeline is reasonable under the circumstances. Accordingly, appellant was not detained for an unreasonable amount of time.
 {¶ 26} Finally, appellant contends that she was threatened during her interrogation, thus rendering her confessions involuntary. This argument must fail because appellant testified she was not threatened until after she gave both her oral and written confessions. She stated that Rick Lewis, the head manager, threatened her by stating that he hated thieves, he wanted the maximum punishment for her, and he wanted her to reimburse him. (Tr. 88). However, appellant stated that Lewis did not enter the office until after she made the statements and Jesko had already called the police. (Tr. 89). Since Lewis did not enter the office or speak to appellant until after she gave both an oral and written confession, these alleged threats could not have induced appellant's confession.
 {¶ 27} The totality of the circumstances surrounding appellant's confession demonstrate that appellant gave her confession voluntarily. Hence, appellant's assignment of error is without merit.
 {¶ 28} For the reasons stated above, the trial court's decision is hereby affirmed.
Judgment affirmed.
Waite and DeGenaro, JJ., concur.